*Walter R. Brown,* contra.

---

7564, 7565.   COLCLOUGH *v.* WALKER; and *vice versa.*

WADE, C. J.   1. The judge of the superior court did not err in sustaining the certiorari. Waiving the question as to the authority of a judge of the municipal court of Atlanta to set aside a default judgment in that court after the expiration of the trial term, it appears from the record that the matters urged by the defendant in that court as a sufficient reason for setting aside the judgment against him were matters of defense which could have been presented-by plea in bar of such judgment. It does not appear that there was a sufficient legal excuse for the failure to interpose these defenses. Where failure to file a defense was due to the gross negligence of the defendant or of his counsel, it is not error to refuse to set aside a default judgment and reinstate a case, even though motion be made at the same term. *Athens Leather Manufacturing Co. v. Myers,* 98 *Ga.* 396, 397 (25 S. E. 503). Neither is the failure of a defendant to appear and plead on account of an apparent misunderstanding between himself and his counsel, whereby no appearance whatever was entered, a sufficient ground for setting aside a default judgment. *Moore v. Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168).

2. Since the ruling of the judge of the superior court sustaining the certiorari in this case must finally govern the disposition of the case in the municipal court, and there was no question of fact that would make it necessary to send the case back for a new hearing in that court, the judge erred in not making a final decision in the case, instead of sending it back to that court.  Civil Code, § 5201.

*Judgment on the main bill of exceptions affirmed; on cross-bill reversed.*

DECIDED NOVEMBER 22, 1916.

Certiorari; from Fulton superior court—Judge Bell.  March 18, 1916.

*Nalley & Scott,* for Colclough.   *G. N. Bynum,* contra.