26373. DIXON *v.* MERRY BROTHERS BRICK & TILE CO.

DECIDED OCTOBER 1, 1937. REHEARING DENIED NOVEMBER 4, 1937.

*Hammond, Kennedy & Yow,* for plaintiff.

*Lee, Congdon & Fulcher, Curry & Curry,* for defendant.

SUTTON, J. This was a suit for damages for personal injuries by C. W. Dixon against the Merry Brothers Brick and Tile Company. The plaintiff alleged that on February 18, 1935, he left Augusta, Ga., for Jacksonville, Fla., in an automobile with W. A. Cook, who was the sales manager of the defendant company and was using the automobile in the scope of his employment for the defendant, and "invited your petitioner to go with him after being instructed so to do by A. H. Merry," the president of the defendant company; that while traveling south on the hard surfaced public highway, which is heavily traveled by local and tourist traffic, W. A. Cook, "while driving at a rapid and reckless rate of speed, to wit, fifty miles per hour, and while the automobile was rounding a sharp curve, and without reducing his speed, took his hands off of the steering wheel and put them to his mouth in cupped shape to light a cigar, and almost instantly the automobile swerved to the right off the hard surface of the road, then to the left all the way across the road to the opposite side of the hard surfaced road, about at right angles, and when the said automobile reached this point a northbound car, traveling on its proper side of the road where it had a right to be, came around the curve and crashed head-on into the automobile in which your petitioner was riding," in which collision the two occupants of the northbound car were killed and the plaintiff was seriously injured as set out in his petition. He alleged that the defendant was grossly negligent, through its agent and employee, W. A. Cook, in the following respects: (a) In operating said automobile around a curve at an excessive rate of speed, to wit, fifty miles per hour. (b) In

failing to slow down in rounding said curve. (c) In failing to keep said automobile on the right side of the road in rounding a curve. (d) In taking both hands off the steering wheel and attempting to light a cigar while rounding a curve at fifty miles per hour. (e) In allowing the automobile to swerve to the left side of the road in the path of the northbound automobile. The plaintiff by amendment alleged "that the purpose of said trip to Jacksonville was to complete a business transaction which had been begun by correspondence and prosecuted further by personal conference at the offices of the defendant at Augusta, Georgia, involving the transfer of the agency for the defendant's products in Florida from the Columbus Brick and Tile Company to the Florida Brick and Tile Company, of which corporation the petitioner was president. The particular matter to be completed in Florida was with reference to an indebtedness for defendant's products due by the Columbus Brick and Tile Company, the payment of which had been guaranteed by Mr. Robert H. Gamble, individually, and a further matter to be completed in Jacksonville was that of ascertaining whether said Robert H. Gamble would personally guarantee the payment of any future indebtedness of the Florida Brick and Tile Company to the defendant. These matters could not be concluded in Augusta because it was necessary to have a conference with the said Robert H. Gamble at Jacksonville, and the said Cook, acting for the defendant, was carrying petitioner to Jacksonville for this purpose at the time the petitioner sustained the injuries as alleged in the original petition. That the plaintiff had no control over the aforesaid car in making said trip."

The defendant denied the alleged acts of negligence, and denied liability to the plaintiff. The case proceeded to trial, and the jury found in favor of the defendant. The exception here is to the judgment overruling the plaintiff's motion for new trial.

■ The first special ground of the motion for new trial excepts to the following charge of the court: "If you find from the evidence that Cook showed that entire absence of care which would raise the presumption of conscious indifference, or that he acted with reckless indifference, or with actual or imputed knowledge that the inevitable or probable consequences of his conduct would be to inflict injury, you would be authorized to find that his conduct amounted to gross negligence." While the charge as given

stated a correct abstract principle of law, it can not be said that it was not confusing and misleading to the jury for the reason that, in order to find whether or not the driver of the automobile was grossly negligent, the jury conceived the idea that it was necessary to determine whether or not the driver's conduct was wilful or wanton or that he acted in reckless disregard of the consequences, in which event the effect would be to place too great a burden on the plaintiff. Gross negligence is defined by the Code, § 105-203, as follows: "In general, slight diligence is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. Applied to the preservation of property, slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. The absence of such care is termed gross negligence." It is true that the court, in another part of the charge, gave to the jury the definition of gross negligence as embodied in the Code, § 105-203, but this does not cure the error in the charge complained of. The plaintiff's case was based on gross negligence by both the pleadings and the evidence, and not on wilful and wanton misconduct. Gross negligence is not regarded as the equivalent of wilful and wanton negligence in this State, unless the evidence indicates "'that entire absence of care which would raise the presumption of conscious indifference,' or that, with reckless indifference, the person acted with actual or imputed knowledge that the inevitable or probable consequence of his conduct would be to inflict injury." *Harris* v. *Reid,* 30 *Ga. App.* 187 (2) (117 S. E. 256), and cit.; *Blanchard* v. *Ogletree,* 41 *Ga. App.* 4, 7 (152 S. E. 116) ; *Frye* v. *Pyron,* 51 *Ga. App.* 613 (3) (181 S. E. 142). Under the pleadings and the facts of the present case, it was not incumbent on the plaintiff, in order to recover, to show that the defendant was guilty of such acts and conduct as would amount to wilful and wanton negligence. Therefore the charge complained of was error.

■ The next ground excepts to the following charge: "Unless you were to believe that the plaintiff knew of the gross negligence, if he were grossly negligent, or by the exercise of ordinary care and diligence he could have apprehended it, and after knowing it, or after by the exercise of ordinary care and diligence he would have apprehended it, he failed to exercise ordinary care and dili-

gence for his own protection, then he can not recover in that event." It is contended by the plaintiff that this charge was error because there was no issue as to whether or not the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence. The plaintiff alleged that he could not have avoided the consequences of the defendant's gross negligence, which was denied by the defendant's answer. This was sufficient to raise the issue by the pleadings. This issue was also raised by the evidence, as the jury would have been authorized to find that the plaintiff should have cautioned the defendant's agent against driving at an excessive rate of speed of fifty miles per hour or more, and in failing to reduce this speed or to slow down in rounding a curve, and that he should have entered a protest or taken hold of the steering wheel when the driver of the car leaned over with a cigar in his mouth, took his hands off of the wheel, and struck a match and cupped his hands over his mouth to light the cigar while the automobile was rounding a curve at the speed of fifty miles per hour. If there is any evidence that the plaintiff has not exercised due care, under the circumstances, and the pleadings authorize it, the issue should be submitted to the jury. *Russell* v. *Bayne,* 45 *Ga. App.* 55 (163 S. E. 290) ; *Wells* v. *Steinek,* 49 *Ga. App.* 482 (176 S. E. 42). Accordingly, the court did not err in giving the charge to which exception is taken.

■ The other two grounds assign error on the charge of the court and failure to charge, and are argued together, the first of these being that the court erred in charging the jury that, if they did not believe that the defendant was guilty of gross negligence, then the plaintiff could not recover, and the second being that the court erred in failing to charge the jury that if they found from the evidence that the trip from Augusta to Jacksonville was being made by the plaintiff in the joint interest of the defendant and the plaintiff's employer, then the defendant's agent was charged with the exercise of ordinary care and diligence for the plaintiff's protection, and that the failure to exercise such care and diligence made the defendant liable in damages to the plaintiff. The plaintiff alleged in his petition that he left Augusta for Jacksonville in the automobile of W. A. Cook, who "invited your petitioner to go with him after being instructed so to do by A. H. Merry," president of the defendant company. Under these al-

legations the plaintiff was a gratuitous guest, and the gross negligence rule was applicable. It also appears that the following admission or statement was made at the trial: "It was agreed by counsel for plaintiff and defendant that W. A. Cook was the agent of Merry Brothers Brick and Tile Co. and if the jury were to find that the driver of this car, W. A. Cook, was grossly negligent, that the defendant is liable." But the plaintiff now contends that his amendment, which is set out above, changed his case from one grounded on gross negligence to one where the degree of care to be exercised by the defendant to the plaintiff was that of ordinary care. It will be seen that the amendment states the object and purpose of the trip from Augusta to Jacksonville, but does not change the status of the plaintiff in the automobile from that of a gratuitous guest—he was still riding in it by invitation of Cook, the owner, under directions of Merry, president of the defendant company. He was acting for the Florida Brick and Tile Company which he represented, and not for the Merry Brothers Brick and Tile Company. Cook was acting for the defendant, according to the contentions of the plaintiff. Under the pleadings and the evidence they were not engaged in a joint enterprise so as to take the case out of the gross negligence rule. In this connection see *Fuller* v. *Mills,* 36 *Ga. App.* 357 (136 S. E. 807); *Moore* v. *Bryan,* 52 *Ga. App.* 272, 283 (4) (183 S. E. 117); *Jones Mercantile Co.* v. *Copeland,* 54 *Ga. App.* 647 (3) (188 S. E. 586); *Atlanta & West Point R. Co.* v. *McCord,* 54 *Ga. App.* 811 (189 S. E. 403). In *Blanchard* v. *Ogletree,* supra, the plaintiff's amendment changed the status of the plaintiff's daughter from one riding in the automobile as a gratuitous guest to one riding therein involuntarily and against her will, and is distinguishable from the present case. The court did not err in instructing the jury that the plaintiff's case depended on gross negligence, or in failing to give in charge the rule as to ordinary care and diligence on the theory of a joint enterprise.

■ The court erred in charging the jury as specified in the first division of the opinion, and accordingly the judgment must be reversed. On motion for rehearing the first division of the opinion has been modified, and the ruling in the second division changed, and the headnotes rewritten accordingly.

*Judgment reversed. Stephens, P. J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. In view of the entire charge in the case I do not think that the portion of the charge excepted to requires the grant of a new trial. The judge did not tell the jury that it was *incumbent* on the plaintiff to prove an entire absence of care which would raise the presumption of conscious indifference, or that the defendant acted with reckless indifference or with actual or imputed knowledge that the inevitable or probable consequences of his conduct would be to inflict injury. He simply stated that *if* the jury found any of these things to exist they would be authorized to find that the defendant's conduct amounted to gross negligence. The implication, at the most, was that any one of these things would be equal to gross negligence, not that they were greater negligence than gross negligence. The judge not only gave the correct definition of gross negligence in his charge, and charged several times that if the defendant was not shown to have been guilty of gross negligence the plaintiff could not recover, but he instructed them further that they were to look to the evidence and the charges of negligence in the petition and see from the evidence which one, if any one, or all, had been sustained by a preponderance of the evidence, and to find from the charges whether or not one or more of them amounted to gross negligence.