43279. HOHLSTEIN v. WHITE, by Next Friend.

DEEN, Judge. ■ *Code Ann.* § 81A-137 (d) provides: "If . . . a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, . . . the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party." The rule is identical in wording with its federal equivalent, of which it has been said: "We call attention to the fact that the particular rule under which Far West moved for the dismissals, Fed. R. Civ. P. 37(d), 28 U. S. C., is by its very terms discretionary with the trial court. It says 'the court . . . may . . . dismiss the action or proceeding.' The courts have so interpreted it in cases arising under the rule. Hubbard v. Baltimore & Ohio R. Co., 6 Cir., 1957, 249 F2d 885; Campbell v. Johnson, D. C. S. D. N. Y. 1951, 101 FSupp. 705." Craig v. Far West Engineering Co., 265 F2d 251, 260. And see Frank v. Kempczynski, 47 Del. 251 (90 A2d 480). The terms of the Georgia statute are likewise discretionary, but we recognize that there may be circumstances where the refusal of a party to appear for the taking of depositions after proper notice might be so flagrantly wilful and productive of injury to the other side that it would be an abuse of discretion on the part of the trial court to refuse punitive action. In the present case, where plaintiff had complied with local Rule 14 of the Fulton Superior Court by giving the defendant 30 days notice of his intention to stipulate the case for trial, and the defendant had not, as he had a right to do under the rule, voiced any objection to the case being placed first on the active list and then on the trial calendar, as it in fact was, the trial court was eminently correct in denying the motion for dismissal based on the ground that plaintiff had failed to appear after being served with notice for the purpose of cross examination by deposition, the position of the plaintiff being that he was not refusing to proceed with the deposition but before doing so wished to obtain a copy of a statement previously made by him and in the hands of opposing counsel, which statement had not been sought by coercive means, and which opposing counsel wished to withhold until after the deposition was

taken. Whether or not Rule 14 is subject to attack is immaterial here, the question being not the correctness of the rule but the wilfulness, if any, of the plaintiff in refusing to appear.

■ Enumerations of error cannot be enlarged by means of statements in brief of counsel to include issues not made in the former. *Nathan v. Duncan,* 113 Ga. App. 630, 637 (149 SE2d 383). As to the real bone of contention between the parties, which is whether under *Code Ann.* § 81A-134 (b) the plaintiff, who is entitled to a copy of his statement without court order, and without any showing of "good cause" may refuse to give his deposition until he has received it, we can make no ruling. The solution arrived at in Parla v. Matson Navigation Co., 28 F. R. D. 348, to the effect that the deposition should be taken first and the plaintiff receive the copy of his statement at the immediate conclusion of the examination by defendant's counsel, was followed by the trial judge here, and there is no enumeration of error on this ruling. It might be well to observe, however, that there is no equivalent in the Federal Rules to our *Code Ann.* § 81A-134 (b), which unconditionally entitles either party without court order to a copy of statements previously made by him.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

Argued January 5, 1968—Decided February 9, 1968.

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* for appellant.

*N. Forrest Montet,* for appellee.