45386, 45387.   SMITH et al. v. MULLINAX (two cases).

ARGUED JUNE 8, 1970—DECIDED NOVEMBER 17, 1970.

*Kenyon, Gunter, Hulsey & Sims, William B. Gunter, Edgar H. Sims, Jr.,* for appellants.

*Reed & Dunn, R. Elliott Dunn, Jr., Charles H. Hyatt,* for appellees.

HALL, Presiding Judge. 1. The motions to dismiss the appeals are denied. The default judgment on liability against Hill which was entered on July 9, 1969, was not a final judgment subject to direct appeal and could not become the law of the case by virtue of not appealing within thirty days from the order. See *State Hwy. Dept. v. Rosenfeld,* 120 Ga. App. 439 (1) (170 SE2d 837).

2. Several of the enumerations deal with a contended lack of jurisdiction and insufficiency of process as to Arrow and, by extension, as to its insurer Continental. It is not necessary to list the extensive evidence or relate the arguments advanced by defendants on this subject. The documentary evidence in the record supports the trial court's finding that the named defendant Arrow Transfer, Inc. had an agent for service of process in Georgia prior to the filing of this suit and that this agent was properly served. The court did not err in overruling the objections and motions pertaining to this matter.

3. The summary judgments against Arrow and Continental are based upon the default judgment (liability only) against Hill. Defendants contend the default judgment against Hill was improper since his failure to appear for the taking of depositions was not "wilful" as required by § 81A-137 (d), but resulted from his lack of actual notice. The court's order simply recited that Hill failed to appear. There was no mention of wilfulness, nor does the evidence suggest it.

There are no Georgia cases directly on point, but *Code Ann.* § 81A-137 (d) is identical to Rule 37 (d) of the Federal Rules which has been interpreted to require "a conscious or intentional

failure to act, as distinguished from an accidental or involuntary non-compliance." Weston & Brooker Co. v. Continental Casualty Co., 303 F2d 91, 93; Brookdale Mill, Inc. v. Rowley, 218 F2d 728; 4 Moore's Federal Practice, § 37.04. Moore explains that this is because subdivision (d), unlike the other subsections of the rule, provides only for the harsh sanctions of dismissal, default or the striking of pleadings. "If the failure is not wilful, the rule has no application. Indeed constitutional doubts would be raised were the drastic sanctions of this subdivision to be applied except to a wilful failure." 2A Barron & Holtzoff, 553, 554, § 855. See Societe Internationale &c. v. Rogers, 357 U. S. 197 (78 SC 1087, 2 LE2d 1255).

It is true that the trial court has a discretion in whether the sanctions of dismissal or default should be entered under *Code Ann.* § 81A-137 (d). *Hohlstein v. White,* 117 Ga. App. 207 (1) (160 SE2d 232); *Williamson v. Lunsford,* 119 Ga. App. 240 (1) (166 SE2d 622). However, in considering another subsection of the Rule, the Georgia Supreme Court has also recognized the desirability of choosing the less harsh measure when circumstances warrant stating that "Justice is the object of all judicial investigations." *Milholland v. Oglesby,* 223 Ga. 230 (154 SE2d 194).

Since Hill had no actual notice to appear for a deposition and the record discloses he has subsequently been located and is now available for discovery and trial, we cannot believe justice would be served in this case by imposing a sanction which would preclude a trial on the merits. Under similar facts, the 10th Circuit Court of Appeals reversed the default as an abuse of discretion. Patterson v. C. I. T. Corp., 352 F2d 333.

As the court abused its discretion in entering the default judgment against Hill, it follows, of course, that the court erred in granting summary judgment against Arrow and Continental since their liability is only vicarious to Hill's.

*Judgment reversed. Bell, C. J., Jordan, P. J., Eberhardt, Deen and Whitman, JJ., concur. Pannell, Quillian and Evans, JJ., dissent.*

EVANS, Judge, dissenting. I cannot concur in the opinion as written or in the judgment of reversal. To discuss the case logically I must review the facts.

The defendant, Pat N. Hill, was served personally with copy of summons and complaint by W. L. Reed, Jr., Sheriff of Hall County, and he appeared in court in response to this service by filing defensive pleadings, signed by his counsel of record. Thereafter, on the 5th day of March, 1969, plaintiff, in writing, notified said Hill's counsel that Hill's depositions would be taken on the 20th day of March, 1969. Hill did not appear and the plaintiff moved for sanctions, which was to strike the answer of defendant Hill and for the entry of a default judgment. The court ordered a hearing on the motion, and at this hearing, granted a continuance to allow counsel for defendant additional time to locate his client. Thereafter the court struck the defendant's answer and entered default judgment against this defendant on July 9, 1969. The written notice to Hill's counsel as to the taking of depositions was in effect notice to Hill, himself. The law specifically provides for service of such notices upon the counsel, and not on the party. See § 5 CPA (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229; *Code Ann.* § 81A-105 (b)). Defendant's only excuse for not appearing was the failure of counsel to contact the defendant in time to appear and give depositions, yet the court continued the case, allowing additional time for contacting the defendant.

1. No reason or justification is given for Hill's failure to keep in contact with his counsel after he had appeared in court by filing defensive pleadings. His counsel knew that he was subject to being deposed, and there was a duty on the part of client and counsel to keep in touch with each other so they might respond to legal and proper requirements, such as interrogatories and depositions.

The majority opinion states that there was not a "wilful" failure to appear for the depositions. But this overlooks the wilful conduct of the client in not keeping in touch with his counsel. Such failure, in my opinion, is such great negligence as to amount to "conscious indifference to consequences" and it has been held by our appellate courts that such conduct may be equated to wilful misconduct. *Frye v. Pyron,* 51 Ga. App. 613 (3) (181 SE 142); *King v. Smith,* 47 Ga. App. 360, 366 (170 SE 546); *Dixon v. Merry Bros.,* 56 Ga. App. 626, 629 (193 SE 599). It has been held that "reckless indifference to the rights of others . . . is equivalent to an inten-

tional violation of them. . . . The act must have been done under such circumstances as show a disregard for the rights of others, or an intention to set at defiance the legal rights of others, or the ordinary obligations of society." See *Charleston & W. C. R. Co. v. McElmurray,* 16 Ga. App. 504, 511 (85 SE 804). When the defendant made an appearance in court and then absented himself beyond reach or knowledge of his attorney, I think that conduct fully measured up to the conduct quoted above in the *McElmurray* case. Both client and counsel knew that the client was subject to being deposed, and yet client put himself out of reach of his counsel which was wilful conduct on his part. Misunderstandings between counsel and client have never been accepted as excuse for default of the client. See *Tower v. Ellsworth,* 112 Ga. 460 (1, 2) (37 SE 736); *Ingalls v. Lamar,* 115 Ga. 296 (2) (41 SE 573); *Hall v. Holman,* 15 Ga. App. 659 (2) (84 SE 174); *Colclough v. Walker,* 19 Ga. App. 23 (1) (90 SE 742); *Schoeld's Sons Co. v. Vaughn,* 40 Ga. App. 568 (150 SE 569). The statute as to sanctions in discovery cases very wisely places a discretion in the trial court. See § 37 (d), CPA; *Code Ann.* § 81A-137 (d), supra; also *Wilson v. Barrow,* 107 Ga. App. 555 (4) (130 SE2d 812). I find no abuse of discretion by the trial court in imposing sanctions against the defendant Hill. The errors enumerated as to the judgment against defendant Hill are not meritorious.

2. The summary judgments against the other defendants are necessarily based upon the default judgment of the defendant Hill. The plaintiffs herein sued four defendants, to wit: the defendant Earl Smith as the owner of the tractor-trailer involved in the collision in which the plaintiffs were damaged; the defendant Hill as the driver of the tractor trailer; the defendant Arrow Transfer, Inc., an interstate common carrier which had leased the use of the driver and the vehicle from Smith, and the defendant Continental Insurance Company, the insurer of Arrow. These facts are not in dispute: The tractor-trailer was being driven by Hill, which was owned by Smith but leased to Arrow. Hill, having the authority of Smith to lease the vehicle to Arrow for a single trip, had done so on the date of this collision, June 24, 1967. Arrow was a common carrier, certified by the Interstate Commerce Commission, and it leased the tractor-trailer operated by Hill, the

driver, in the course of its business. On said date Arrow was the named insured in a policy of liability insurance issued by Continental which provided coverage for injuries to any person from negligence in the maintenance, operation or use of motor vehicles under the certificate issued to the insured by the Interstate Commerce Commission. The default judgment against Hill adjudicated his negligence, and he therefore is liable to the plaintiff; hence no issue of fact remains regarding the liability of the defendants Smith, Arrow and Continental. While counsel contends that the defendant Smith was at the time of the collision an independent contractor, yet he had no certificate from the Interstate Commerce Commission to haul the commodities being transported in the tractor-trailer driven by Hill, which were being transported under the certificate of the defendant Arrow. Without the certificate of Arrow, the trip which Hill was making could not have been lawfully made. Nor does the lease agreement between them make him an independent contractor. See *Grantham Transfer Co. v. Hawes,* 225 Ga. 436, 443 (169 SE2d 290). It thus appears that Arrow's status as a certified carrier made it liable as a matter of law for the negligence of the driver covered under the lease of the equipment. See Walters v. Dunlap, 250 FSupp. 76, 80; Magenau v. Aetna Freight Lines, 360 U. S. 273 (79 SC 1184, 3 LE2d 1224); Walter v. Dunlap, 368 F2d 118, 120. Consequently, under the authority of *Code* § 105-108, the defendant Arrow was liable for the torts committed by its servant Hill, whether or not there be liability on the part of Smith, who had contracted for the use of said driver. Since Arrow was the named insured in the policy of liability insurance issued by Continental, the insurer is also liable under the authority of *Code Ann.* § 68-612 (Ga. L. 1937, pp. 730, 731), since the public policy of this State makes it permissible to join the motor common carrier and the insurance carrier in the same action, whether arising in tort or contract. Accordingly, the court did not err in entering summary judgment as to liability against the defendants Arrow and Continental, under the above facts, and based upon the default judgment against the driver, the defendant Hill. See Spicer v. American Home Assurance Co., 292 FSupp. 27.

I therefore would affirm the judgment since I do not feel that

the court erred in granting summary judgment against these defendants, or in rendering the earlier default judgment against defendant Hill.

I am authorized to state that Judges Pannell and Quillian concur in this dissent.