## 55740. KRUGER v. KRUGER.

QUILLIAN, Presiding Judge.

This case arose out of proceedings brought by the plaintiff father against the defendant mother by which the plaintiff sought a change of custody of the parties' minor children or a change in visitation rights. However, the instant appeal was taken from the order of the trial judge finding the plaintiff in contempt for failure to obey an order of the court compelling discovery. For that reason, we have considered this appeal as being one within the jurisdiction of this court rather than the Supreme Court.

After the action was filed, the defendant sought to take the plaintiff's deposition on September 16, 1977. The plaintiff did not appear for his deposition on that date. Thereafter, the defendant filed a motion to compel discovery. The record reveals that on September 23, 1977, the trial judge signed an order requiring the plaintiff to appear for the taking of his deposition on October 12, 1977. It further appears that the certificate of service on the motion to compel discovery was dated September 26, 1977; while the trial judge's order was entered (that is, filed with the clerk) on September 27, 1977.

The plaintiff failed to appear for the taking of his deposition on October 12, 1977. Thereafter, the defendant moved under provision of the CPA (CPA § 37 (b)) to attach the plaintiff for contempt and to require the plaintiff to pay the reasonable expenses of the defendant caused by the failure. This matter was set for a hearing on November 3, 1977, and again the plaintiff failed to appear for that hearing although his attorney did. After that, according to the final order in this case, the plaintiff was required to appear at 1:30 on that same day for the taking of his deposition, which he failed to do. The trial judge's order recites that the plaintiff "is in contempt of this court for failure to appear for his deposition on October 12, or one of the available alternative dates offered to his counsel . . . i.e., 5th, 6th, or 10th of October 1977." The respondent was ordered to pay $490 as expenses of the movant and was held in contempt of court. Appeal to this court followed. *Held:*

1. Under CPA § 37 (d) (Code Ann. § 81A-137 (d); Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1970, p. 157; 1972, pp. 510, 530) the failure of a party to appear for the taking of his deposition is grounds for the imposition of the sanctions contained in that provision. Unlike the similar sanctions found in CPA § 37 (b), there need be no order of the court as a basis to impose the sanctions found in § 37 (d). *Carter v. Merrill Lynch &c.,* 130 Ga. App. 522 (1) (203 SE2d 766); *Phillips v. Peachtree Housing,* 138 Ga. App. 596 (1) (226 SE2d 616). All that is required is a motion, notice and a hearing.

As has been pointed out, by commentary regarding the equivalent Federal Rule of Civil Procedure: "Since there will have been no court order in the situations to which Rule 37 (d) speaks, there can be no contempt of court and that sanction was not incorporated here." 8 Wright & Miller, Federal Practice and Procedure: Civil 807, 813 § 2291. Thus, to impose a contempt sanction there must be an order of the court as is contemplated by CPA § 37(b). As we have shown from the recital of the facts in the record, it is clear that the trial judge based his contempt finding on the failure to comply with an order which was entered without the required notice and opportunity to be heard.

The plaintiff, in effect, never had an opportunity to appear and contest the matter of whether an order compelling him to make discovery was proper. That being true, and the trial judge's order having been predicated solely on a finding that the plaintiff failed to comply with the order requiring him to appear for a deposition on October 12, 1977, that portion of the order finding the plaintiff in contempt was in error and must be reversed.

2. We have pointed out in the previous division of this opinion that the sanctions of CPA § 37 (d) may be applied for the failure to appear for a deposition. Among those sanctions are the assessment of reasonable expenses occasioned by the failure. The order insofar as it imposed upon the plaintiff the obligation to pay the defendant's expenses, was therefore not error and is affirmed in that regard.

*City of Atlanta v. International Assn. of Firefighters &c.,* 240 Ga. 24, 26 (239 SE2d 353), cited by the plaintiff, is

not applicable here since it did not deal with discovery procedures or the imposition of sanctions under CPA § 37.

*Judgment affirmed in part and reversed in part. Webb and McMurray, JJ., concur.*

ARGUED APRIL 6, 1978 — DECIDED JUNE 29, 1978.

*Glenville Haldi,* for appellant.
*Valianos, Joh & Homer, John A. Joh, III,* for appellee.