## 55984. INTERSTATE FIRE INSURANCE COMPANY v. MAYER.

SHULMAN, Judge.

Appellee-plaintiff filed suit on the balance due on a surety bond and, in the course of proceedings, propounded certain interrogatories to the appellant. Appellant filed answers to the interrogatories. Appellee contends that the answers were incomplete and evasive and that they were sworn to by one "Marbut," who admittedly was not an agent of appellant at the time he swore to the answers. On these grounds appellee filed a motion "to strike defendant's answer to plaintiff's first interrogatories." The trial court sustained the motion, stating in its order that the defendant had wilfully failed to answer the

interrogatories, struck the answers, and entered default judgment in favor of appellee.

1. Code Ann. § 81A-133 provides that "[a]ny party may serve upon any other party written interrogatories to be answered by the party served, or, if the party served is a . . . corporation . . ., by any officer or agent. . ." As noted above, Marbut was not an agent of appellant at the time when the answers were made. Therefore, the answers by Marbut constituted no answer at all by appellant. See *Gregory v. King Plumbing, Inc.,* 127 Ga. App. 512 (194 SE2d 271). Although the corporation attempted to verify Marbut's answers, its effort came after appellee filed his motion for sanctions and was, therefore, too late. *Merrill Lynch &c., Inc. v. Echols,* 138 Ga. App. 593 (2) (226 SE2d 742). Compare *Snead v. Pay-Less Rentals,* 134 Ga. App. 325 (1) (214 SE2d 412).

Under Code Ann. § 81A-137 (d), the failure of a party to answer interrogatories authorizes the trial court, on motion, to impose the sanctions provided in subsections (b) (2) (A), (B), and (C) of that section.

2. Appellant contends that the issuance of an order compelling discovery and the disobedience of that order were conditions precedent to the imposition of sanctions. There is no merit to that contention. See *Merrill Lynch &c., Inc. v. Echols,* supra; *Phillips v. Peachtree Housing,* 138 Ga. App. 596 (1) (226 SE2d 616).

3. However, the action of the trial court in striking appellant's answer and entering a default judgment was error under the rule announced in *Johnson v. Martin,* 137 Ga. App. 312 (1) (223 SE2d 465). In that case, this court held that a party moving for sanctions under Code Ann. § 81A-137 must specify the sanction sought. There, the movant sought "an order compelling plaintiff to answer the specific interrogatories and to impose 'sanctions' for the failure to answer." *Johnson,* supra, p. 312. This court found that motion insufficient to authorize a dismissal of the plaintiff's complaint: "At no time by motion has this defendant ever sought the sanction of dismissal under CPA § 37 (d) for failure to make discovery. Since this drastic remedy was not invoked by a party at interest, the trial court could not invoke it on its own motion. Thus the judge abused his discretion in ordering the dismissal." Id.

p. 313.

In the present case, the motion of appellee for sanctions requested that the court strike appellant's answers to the interrogatories and ". . .that the Court apply sanctions as provided by law." That motion, under the rule in *Johnson,* supra, does not authorize the imposition of the sanction of striking all of appellant's pleadings and entering a default judgment against it. We find it necessary, therefore, to reverse the judgment of the lower court.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 22, 1978 — DECIDED SEPTEMBER 25, 1978— REHEARING DENIED OCTOBER 30, 1978 — 

*White & Jewett, C. Lawrence Jewett,* for appellant.
*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr.,* for appellee.