## 61658. COOK v. LASSITER.

SOGNIER, Judge.

Appellant Cook, acting pro se, answered a suit on account filed against him by Lassiter. Cook was served with notice to take his deposition and a request to produce certain documents. Six days prior to the scheduled taking of his deposition and the date for production of documents, appellant filed copies of two letters with the clerk of the court addressed to, and apparently mailed to, appellee's attorney. The letters sought to change the place and time for the deposition, and agreed to the production of the documents at the changed time. The record shows no further contact between appellee's counsel and appellant. On the date of the deposition appellee's counsel appeared with a court reporter and documented appellant's absence. There was no motion to compel discovery; however, appellee moved for sanctions and after a hearing on the matter, the trial court entered an order finding that appellant

wilfully failed to attend the properly noticed deposition. The trial court ordered appellant's answer stricken and granted default judgment against him.

Code Ann. § 81A-137 (d) provides that failure of a party to appear for the taking of his deposition is grounds for the imposition of sanctions, including striking a defendant's answer and entering default judgment. There need be no order to compel discovery as provided for in Code Ann. § 81A-137 (b) as a basis to impose the sanctions provided for in Code Ann. § 81A-137 (d). All that is required is a motion, notice and a hearing. *Kruger v. Kruger,* 146 Ga. App. 461 (246 SE2d 469) (1978); *Carter v. Merrill Lynch, &c. Inc.,* 130 Ga. App. 522, 523 (203 SE2d 766) (1974). Appellee correctly moved the court to strike appellant's answer and enter default judgment. *Interstate Fire Ins. Co. v. Mayer,* 147 Ga. App. 751, 752 (250 SE2d 158) (1978).

The trial court is authorized to impose sanctions under Code Ann. § 81A-137 (d) when a party has *wilfully* failed to appear at the deposition. *Merrill Lynch, &c. Inc. v. Echols,* 138 Ga. App. 593, 594 (226 SE2d 742) (1976); *Smith v. Mullinax,* 122 Ga. App. 833 (178 SE2d 909) (1970). Although the trial court in the instant case entered an order finding wilfulness on the part of appellant, our review of the record discloses no evidence that the failure of appellant to respond was wilful in nature. On the contrary, the record shows a willingness to comply with the notice for the taking of appellant's deposition and the request for production of documents if appellee's counsel would agree to a change in time and place for the deposition and production of documents; appellee apparently did not respond to appellant's request. Customarily, in dealings between lawyers, the time and place of deposition is often changed on request, and we find no reason for the application of a different practice in a pro se matter.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 19, 1981.

*Frank G. Smith,* for appellant.
*William O. Moncrief, Marilyn G. Alexander,* for appellee.