## 71324. FREEMAN v. RIPLEY.
### (339 SE2d 795)

SOGNIER, Judge.

Thomas A. Ripley, Jr. brought this action against Lawrence Freeman for rent and other claims. Ripley filed a motion for sanctions for Freeman's failure to submit to discovery. The trial court granted that motion, struck Freeman's answer and counterclaim and entered judgment by default against him. Freeman appeals.

Appellant contends the trial court erred by granting appellee's motion for sanctions under OCGA § 9-11-37 (d) because appellant's failure to comply with discovery was not wilful.

The record reveals that appellant failed to appear for his deposition on two scheduled occasions despite the fact that he had been properly served with notice each time. It is uncontroverted that he had actual notice of the second scheduled deposition and that appellant had not appeared by the time it was adjourned, two hours after it had been scheduled to begin. Although appellant argues that he was en route to that deposition, the record is devoid of any explanation for appellant's failure to appear for his deposition and, in the absence of a transcript of the hearing on appellee's motion for sanctions, we must assume the evidence supported a finding that appellant's failure to appear was wilful. See generally *Peek v. Duffy*, 172 Ga. App. 834, 835 (1) (324 SE2d 795) (1984); *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981). "Under the discovery provisions of the Civil

Practice Act, the trial judge is granted broad discretion. Historically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of such discretion in absence of abuse. [Cits.]" *Tompkins v. McMickle*, 172 Ga. App. 62, 64 (2) (321 SE2d 797) (1984). We find no abuse of the trial court's discretion. See *Tompkins*, supra at 63-64 (2); *Merrill Lynch &c., Inc. v. Echols*, 138 Ga. App. 593, 594-96 (2) (226 SE2d 742) (1976).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 22, 1986.

*F. Carter Tate*, for appellant.
*Richard M. Young*, for appellee.