74380. PEOPLES v. YU.
(361 SE2d 244)

BANKE, Presiding Judge.

Appellant Peoples sued appellee Yu to recover for personal injuries she allegedly sustained in an automobile collision. She appeals an order dismissing her complaint as sanction for her failure to appear at a deposition and her failure to pay certain court-ordered attorney fees.

The appellee served a set of interrogatories and requests for production of documents on the appellant on July 26, 1985. The appellant did not respond; and on January 2, 1986, the appellee filed a "motion to compel and for imposition of sanctions." The appellant's attorney subsequently filed a motion to withdraw from the case, representing to the court that he had been unable to make his client understand the necessity of answering the interrogatories. Following a hearing, the trial court entered an order on March 10, 1986, granting the attorney's motion to withdraw and directing the appellant to "answer fully and completely each interrogatory and respond to each request for production" within 15 days. Also, the court directed the ap-

pellant to pay attorney fees to the appellee in the amount of $200 within 120 days.

On March 24, 1986, the appellant submitted answers to the interrogatories; however, she did not comply with the portion of the order directing her to pay the attorney fees. On July 28, 1986, the appellee sent the appellant a letter warning her of his intention to move for a dismissal of the case in the event she did not pay the attorney fees. Simultaneously, the appellee served the appellant with a notice of deposition. Although the appellant acknowledged receipt of the notice, she did not appear for the scheduled taking of the deposition. On September 2, 1986, the appellee filed a motion to dismiss based on the appellant's failure to pay the court-ordered attorney fees and to appear for the deposition. The appellant did not appear at the hearing on this motion, and after consideration of the documents on file, the trial court dismissed the case. The appellant then retained new counsel and filed the present appeal, contending that her conduct was not wilful and that the trial court abused its discretion by dismissing her complaint without a specific finding of wilfulness. *Held*:

It is apparent from the record that the appellant received ample notice of all aspects of the proceedings below. Indeed, at no point was the sufficiency of such notice ever contested. Trial judges are granted a very broad discretion in dealing with discovery matters, particularly where disobedience of a prior discovery order is involved. See generally OCGA § 9-11-37 (b) (2); *Joel v. Duet Holdings*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987). The wilful failure of a party to comply with an order requiring the payment of attorney fees to an opposing party as reimbursement for the latter's expenses in obtaining a discovery order has been held to warrant the extreme sanction of dismissal of the offending party's pleadings. *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747, 749 (2) (331 SE2d 95) (1985). "The trial court's order imposing an authorized sanction of dismissal is not fatally defective if it does not contain a recitation of wilful misconduct where there is an adequate showing of a failure to comply with a court order which equates to wilful misconduct. [Cit.]" *Porter v. Eastern Airlines*, 165 Ga. App. 152, 155 (2) (300 SE2d 525) (1983). We find no abuse of discretion by the trial court in the present case. Accord *Freeman v. Ripley*, 177 Ga. App. 522 (339 SE2d 795) (1986); *Tompkins v. McMickle*, 172 Ga. App. 62 (2) (321 SE2d 797) (1984).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 18, 1987.

*Marsha L. Sutherland*, for appellant.

*John F. Daugherty, Robert J. McCune,* for appellee.