A00A0766. DYER et al. v. SPECTRUM ENGINEERING, INC.
(537 SE2d 175)

MILLER, Judge.

Spectrum Engineering, Inc. ("SEI") sued Steven Dyer,[1] his wife Mary Dyer, and his company Spectrum Environmental in various counts arising out of their alleged actions following the sale of Spectrum Environmental's assets to SEI. When both Dyers failed to appear for their duly noticed depositions, SEI moved to strike Mary's answer (or in the alternative to compel her to appear for deposition) and moved to compel Steven to appear for deposition (or to present medical evidence to document his failure to appear). After an evidentiary hearing, the court struck the answers of Steven, Mary, and Spectrum Environmental and further struck Spectrum Environmen-

---

[1] Although Ethos Engineering and Ethos Engineering, Inc. are listed in the caption of the complaint as possible defendants, both are treated here as mere forms of Steven Dyer. No service was effected on either, nor was judgment entered against either.

tal's counterclaim. Although the court did not formally strike Steven's counterclaim (Mary had no counterclaim), the court and the parties apparently understood that the order struck his counterclaim also. A damages trial ensued, resulting in a judgment of over $200,000 against all defendants.

On appeal the defendants cite three reasons to challenge the striking of their answers and counterclaims: (1) the motion to compel and for sanctions did not seek to strike the answers and counterclaims of Steven and Spectrum Environmental; (2) the court made no finding that Steven's and Mary's failure to attend was wilful; and (3) SEI did not file with its motion a statement that it had engaged in a good faith effort to resolve the discovery dispute. We agree with defendants on the first reason but rule against them on the other two.

1. SEI did not move to sanction Steven; rather, it moved "to compel Steven Dyer to appear for his deposition on a date ordered by the Court or present all relevant medical evidence to document his failure to appear." Only with regard to Mary did SEI seek the sanction of striking pleadings and entering default judgment. And nowhere in the motion is found any mention of seeking an order or sanction against Spectrum Environmental.

Where a party has filed a motion seeking only to compel compliance with discovery requests, the court is without authority to order the extreme sanction of striking the pleadings. "Since this drastic remedy was not invoked by a party at interest [against Steven or Spectrum Environmental], the trial court could not invoke it on its own motion. Thus the judge abused his discretion in ordering [their pleadings struck]."[2] Accordingly, we reverse the order striking the answers and counterclaims of Steven and Spectrum Environmental and also reverse the resulting judgments against them.

2. This leaves the question of whether the court erred in striking Mary's answer on the ground that she failed to attend her deposition. OCGA § 9-11-37 (d) (1) authorizes the striking of pleadings and the rendering of judgment by default against a party who fails to appear at her duly noticed[3] deposition.[4] To authorize this sanction, there

---

[2] *Johnson v. Martin*, 137 Ga. App. 312, 313 (1) (223 SE2d 465) (1976); see *McIntosh v. Moye*, 154 Ga. App. 520 (268 SE2d 791) (1980); see generally *Citibank &c. v. Hill*, 161 Ga. App. 186, 187 (1) (288 SE2d 258) (1982) ("where the complaining party did not request the sanction of dismissal it was error for the court to invoke it.").

[3] On appeal Mary complains that the notice of deposition was improperly served in that it was served on her personally rather than on her attorney whom she had fired, but whose withdrawal the court did not formally approve until the day after the depositions were noticed. She acted pro se thereafter in the trial court. But this alleged defect in notice was not asserted to the trial court and thus cannot be considered on appeal. See *Peavy v. Goodroe*, 237 Ga. App. 36, 37 (1) (514 SE2d 699) (1999).

[4] *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981); see *James v. Gray*, 229

need not be an order to compel attendance.[5] But the court must find that the failure to attend was wilful.[6] *Resource Network Intl. v. Ritz-Carlton Hotel Co.*[7] reiterated the meaning of wilfulness in this regard:

> There is no requirement that the plaintiff display and the trial court find actual wilfulness. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful.[8]

Ample evidence supported a finding that Mary wilfully refused to attend her deposition. Without explanation and without proposing any reasonable alternatives, Mary and Steven (on the eve of their depositions) simply faxed a single-sentence letter to SEI stating that they would not be attending the depositions.[9] Thus, evidence showed that she consciously and intentionally chose not to attend; it was certainly not accidental, and she did not assert it was involuntary. When SEI moved for sanctions, she failed to respond with an explanation in a timely manner. Her husband Steven filed a pro se response asserting that Mary failed to attend due to the costs of travel to Atlanta and a concern for her personal safety, but as a nonattorney he could not represent Mary in this action.[10] Her later response and affidavit asserting these same grounds were not only untimely as responses to the sanctions motion, but also ineffectual, as such grounds were not asserted prior to the deposition either in a motion for a protective order[11] or in any communications with SEI's counsel, nor was any reason given as to why they had not been asserted earlier.[12]

---

Ga. App. 39, 40-41 (494 SE2d 198) (1997); cf. OCGA § 9-11-37 (b) (2) (C).

[5] *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 237 (3) (424 SE2d 807) (1992) (whole court).

[6] *Smith v. Mullinax*, 122 Ga. App. 833, 835 (3) (178 SE2d 909) (1970) (whole court); see *Cook*, supra, 159 Ga. App. at 25.

[7] 232 Ga. App. 242 (501 SE2d 573) (1998).

[8] (Punctuation and footnote omitted.) Id. at 242 (1).

[9] Before this letter was sent, SEI was aware of two purported written opinions of a physician that medical reasons precluded Steven from traveling to a deposition in Atlanta. The opinions made no mention of Mary.

[10] See *Gamble v. Diamond "D" Auto Sales*, 221 Ga. App. 688, 689 (3) (472 SE2d 446) (1996); see generally OCGA § 15-19-51 (a) (1).

[11] See OCGA § 9-11-26 (c).

[12] Compare *Cook*, supra, 159 Ga. App. at 24, where the pro se defendant filed a timely and reasonable request to change the place and time of a noticed deposition in exchange for defendant's agreement to produce documents at that new time. This Court reversed the imposition of sanctions that were based on a finding of wilfulness.

Though the court gave three weeks notice of the hearing on the sanctions motion, Mary and Steven chose not to attend and instead sent the court a letter (received on the date of the hearing) announcing that they would not attend. The court held the legally mandated[13] evidentiary hearing on the sanctions motion and found that Mary had not provided the court with any legitimate excuse for her failure to appear at her deposition. The court also noted previous discovery abuses by Mary. The court accordingly struck her answer.

"A trial court's finding that a party has wilfully failed to comply with its discovery obligations will not be reversed if there is any evidence to support it."[14] In addition to the supporting evidence described above, we note that the evidentiary hearing was not transcribed nor included in the record on appeal. "[I]n the absence of a transcript of the hearing on appellee's motion for sanctions, we must assume the evidence supported a finding that appellant's failure to appear was wilful."[15]

Mary also contends that the court did not expressly find that she wilfully failed to attend the deposition. Though the court did not use these precise words in its order, that finding is implicit in the trial court's conclusion that "Mary Dyer has not provided the Court with any legitimate excuse for her failure to appear at her deposition." This statement suffices.[16]

3. Mary's argument that SEI failed to file a "good-faith" certificate as required by Uniform Superior Court Rule 6.4 (B) is without merit.[17]

We affirm the judgment against Mary Dyer. We reverse the judgments against Steven Dyer and Spectrum Engineering and remand with instructions to reinstate their answers and counterclaims.

*Judgments affirmed in part and reversed in part and case remanded with instructions. Pope, P. J., and Smith, P. J., concur.*

---

[13] See *Serwitz v. Gen. Elec. Credit Corp.*, 184 Ga. App. 632, 634-635 (362 SE2d 439) (1987).

[14] (Punctuation and footnote omitted.) *Resource Network Intl.*, supra, 232 Ga. App. at 244 (1).

[15] (Citations omitted.) *Freeman v. Ripley*, 177 Ga. App. 522 (339 SE2d 795) (1986); see *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999) ("[a] party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed.") (footnote omitted); *Aqua Sun Investments v. Kendrick*, 240 Ga. App. 671, 672 (1) (524 SE2d 519) (1999).

[16] See *Rivers v. Almand*, 241 Ga. App. 565, 566-567 (1) (527 SE2d 572) (1999); *Peoples v. Yu,* 184 Ga. App. 252, 253 (361 SE2d 244) (1987).

[17] See *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (1) (505 SE2d 576) (1998).

DECIDED JULY 11, 2000.

*James J. McGinnis*, for appellants.
*Gray, Hedrick & Edenfield, Robert L. Bunner*, for appellee.