## A02A1710. THOMPSON v. UNITED CREDITORS ALLIANCE CORPORATION et al.
### (570 SE2d 60)

BLACKBURN, Chief Judge.

Following dismissal of his defamation action against United Creditors Alliance Corporation and Risk Management Alternatives, Inc., Billy Thompson, acting pro se, appeals, contending that the trial court erred by finding that he had failed to participate in discovery in good faith by failing to appear twice for a scheduled deposition. For the reasons set forth below, we affirm.

As an initial matter, Thompson has waived his right to raise his

---

contentions with this Court because his brief contains no enumerations of error, citations to the record, or controlling authority. See Court of Appeals Rule 27. Moreover, even if Thompson had not abandoned his contentions, the record supports the trial court's finding that he wilfully refused to attend his scheduled deposition on two occasions, and "[a] trial court's finding that a party has wilfully failed to comply with [his] discovery obligations will not be reversed if there is any evidence to support it." (Punctuation omitted.) *Dyer v. Spectrum Engineering*[1] (trial court properly dismissed suit by pro se plaintiff who faxed a single sentence letter on eve of deposition that she would not attend).

Thus, the trial court, in this case, appropriately dismissed Thompson's action as "[r]efusal to be deposed is grounds for dismissal under OCGA § 9-11-37 (d)." *King v. Bd. of Regents &c. of Ga.*[2]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 30, 2002.

Billy Thompson, *pro se.*

*Elarbee, Thompson & Trapnell, Brent L. Wilson, Richard M. Escoffery*, for appellees.

---

[1] *Dyer v. Spectrum Engineering*, 245 Ga. App. 30, 33 (2) (537 SE2d 175) (2000).

[2] *King v. Bd. of Regents &c. of Ga.*, 238 Ga. App. 4, 5 (3) (516 SE2d 581) (1999).