**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 4, 2021**

# In the Court of Appeals of Georgia

A21A0377. FRANCIS v. NR DEED, LLC.

MCFADDEN, Chief Judge.

Neville Francis appeals the final order in this quiet title action. He argues that the trial court abused her discretion in striking his answer and counterclaim. But he has not shown an abuse of discretion, given his failure to appear at two court proceedings. He argues that the trial court erred by entering a judgment in favor of NR Deed, LLC because he did not receive notice of his right of redemption after his property was sold for nonpayment of taxes. But the record shows that he received statutory notice. So we affirm.

1. *Background*.

Francis owned property in Fulton County but did not pay all of the property taxes due. In September 2016, his property was sold for nonpayment of taxes to Deed

Co. After waiting more than a year, Deed Co. sought to foreclose the right of redemption. See OCGA § 48-4-40 (1); see generally *Saffo v. Foxworthy, Inc.*, 286 Ga. 284, 286 (2) (687 SE2d 463) (2009) (describing the statutory procedure for redemption of property following a tax sale). In order to do so, Deed Co. sought to notify those with interests in the property that they could redeem the property by paying the statutory redemption price at any time before November 9, 2017. OCGA § 48-4-45 (a) (1). Deed Co. attempted to personally serve Francis, as well as any occupant of the property, at the property address with notices of the right of redemption. But the process server ended up posting the notice at the property because the house appeared to be vacant.

Deed Co. conveyed its interest to appellee NR Deed. After expiration of the time specified in the notice of the right of redemption, NR Deed filed this petition to quiet title to the property . Francis answered the petition and filed a counterclaim seeking to set aside the foreclosure and to be given the right to redeem his property.

The trial court scheduled a status conference for November 19, 2019. Francis did not appear. The court scheduled a hearing for December 16, 2019. Francis did not appear at that hearing, either. So the court granted NR Deed's oral motion to strike Francis's answer and counterclaim.

2

Francis moved to set aside or vacate the trial court's order striking his answer and counterclaim on the ground that he had forgotten to check the email address to which notices were sent and because that email address had been hacked so he was locked out. The trial court denied Francis's motion because Francis had not shown that he was not properly notified of the proceedings he failed to attend and because he provided no explanation as to why he took no steps to keep himself informed of the status of the litigation. Then, after a review of the record, the trial court entered a final judgment in favor of NR Deed. Francis filed this appeal.

2. *Denial of motion to set aside order striking Francis's answer and counterclaim.*

Francis argues that the trial court erred in striking his answer and counterclaim because his failure to appear at the proceedings was not wilful. We hold that the trial court's order makes it apparent that the court found Francis's failure to appear to be wilful, which supports the order striking his pleadings.

As a sanction for the wilful refusal to participate in court proceedings, "[a] trial court may strike a party's pleadings . . . pursuant to a court's inherent power to efficiently administer the cases upon its docket, as well as its power to compel obedience to its orders and control the conduct of everyone connected with a judicial

3

proceeding before that court." *Pennington v. Pennington*, 291 Ga. 165, 166 (1) (728 SE2d 230) (2012). See also Uniform Superior Court Rule 14 ("On its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action, or where appropriate, any pleading filed on behalf of any party upon the failure to properly respond to the call of the action for trial or other proceeding."). The trial court can determine wilfulness without conducting a hearing, *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 182-183 (402 SE2d 723) (1991) (discovery sanction), and the court need not use the precise word "wilful" in its order to demonstrate that it found a party's conduct to be wilful. See *Dyer v. Spectrum Eng*, 245 Ga. App. 30, 33 (2) (537 SE2d 175) (2000).

Here, a finding of wilfulness is implicit in the trial court's conclusion that Francis had not shown that he was not properly notified of the proceedings and that he provided no explanation as to why he took no steps to keep himself informed of the status of the litigation. This is sufficient. *Dyer*, 245 Ga. App. at 33 (2) (finding of wilfulness implicit in trial court's order that appellant did not provide court "with any legitimate excuse" for failure to appear at deposition).

"[W]e will not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of

4

discretion." *Atlanta Bus. Video, LLC v. FanTrace, LLC*, 324 Ga. App. 559, 560 (751 SE2d 169) (2013) (citation, punctuation, and emphasis omitted). Francis has not shown that the trial court abused her discretion in striking his answer and counterclaim. See *Truitt v. Housing Auth. of the City of Augusta*, 235 Ga. App. 92, 93-94 (507 SE2d 781) (1998) (trial court did not err by striking answer when defendant was five minutes late on the day of trial).

3. *Entry of final judgment*.

Francis argues that the trial court erred by entering judgment in favor of NR Deed because he was not served with notice of his right of redemption as required by OCGA § 48-4-46 (a). We disagree.

Under the plain language of OCGA § 48-4-46 (b), "[l]eaving a copy of the notice [of foreclosure of the right of redemption] at the residence of any person required to be served with the notice shall be a sufficient service of the notice." See also *Saffo*, 286 Ga. at 286 (2) ("Service . . . must be made personally, if possible, and by publication otherwise, but leaving a copy of the notice at the residence of any person required to be served is sufficient."). Francis does not dispute that notice of the right to redeem was posted on the house, which he contends is his residence (in spite of the process server indicating that the house is vacant). Instead, he argues that

5

he did not see that notice. As service of the notice of the right of redemption complied with the plain language of the statute, we must affirm.

*Judgment affirmed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*