### 51250. JOHNSON v. MARTIN et al.

Bell, Chief Judge.

In this personal injury suit, one of the defendants, Martin, on April 9, 1974 served plaintiff by mail with 49 interrogatories. On April 11, 1974, this defendant also personally served on plaintiff's counsel a request for production of documents for inspection and copying under CPA § 34 (Code Ann. § 81A-134) and a request that plaintiff deliver to this defendant reports of any and every physical or mental examination previously or thereafter made of plaintiff under CPA § 35 (b)(2) (Code Ann. § 81A-135 (b)(2)). On May 15, 1974 defendant Martin, reciting that plaintiff had not answered the interrogatories nor responded to the requests for production of documents and reports of physical and mental condition, moved for an order compelling plaintiff to: (1) Answer his interrogatories; (2) to permit the inspection of the documents; and (3) to require compliance with the request for the report of physician's examination. On the same day, plaintiff served the defendant by mail a motion to quash the request for production of documents and for medical reports which were also filed with the court on May 15th. It appears from the record that answers to the interrogatories were mailed to defendant's attorney on May 15, 1974. On May 23, 1974, defendant Martin filed another motion acknowledging receipt of the answers to interrogatories on May 20, 1974 but contended that some but not all of plaintiff's answers were evasive and incomplete, and in each specific instance of evasiveness defendant moved for an order compelling plaintiff to answer the specific interrogatories and to impose "sanctions" for the failure to answer. The other defendant, Ferguson, joined the later motion. The court entered an order on June 4, 1974 finding that the plaintiff's answers to the interrogatories propounded by "defendants" were evasive and incomplete within the

meaning of CPA § 37 (a)(2) and (3) (Code Ann. § 81A-137 (a)(2)(3)); that plaintiff failed to make a timely response to defendant Martin's request for production of documents as required by § 34 (b) of the Civil Practice Act (Code Ann. § 81A-134 (b)). The court granted a judgment for the defendants and against plaintiff's counsel in the amount of $300 as the reasonable expenses incurred in connection with these motions, citing as authority CPA § 37 (a)(4) (Code Ann. § 81A-137 (a)(4)), and pursuant to CPA § 37 (d) (Code Ann. § 81A-137 (d)) dismissed the complaint without prejudice. The order made no reference to the request for physical examination. *Held:*

1. CPA § 37 (d) (Code Ann. § 81A-137 (d)) provides that where a party fails to serve answers or objections to interrogatories or fails to serve a written response to a request for inspection of documents, the court in which the action is pending "on motion" may impose the sanction of dismissal of the action. The plaintiff had not served his answers nor a response to the request for inspection at the time the first motion was filed and were overdue as more than 30 days had elapsed since the interrogatories and the request for inspection were served. Thus plaintiff had totally failed to answer the set of interrogatories and had not responded to the request for inspection as of that date. However, defendant Martin in his first motion specifically asked the court for an order compelling plaintiff to answer the interrogatories and to compel an inspection of the documents. After the late service of the interrogatories and the motion to quash the request for inspection which must be treated as a response, defendant Martin again only sought an order of the court to require more complete answers to several of those he thought to be incomplete or evasive. In both motions, defendant Martin sought the available remedy permitted under CPA § 37 (a)(2) and (3) (Code Ann. § 81A-137 (a)(2) and (3)). At no time by motion has this defendant ever sought the sanction of dismissal under CPA § 37 (d) for failure to make discovery. Since this drastic remedy was not invoked by a party at interest, the trial court could not invoke it on its own motion. Thus the judge abused his discretion in ordering the dismissal. While we reverse on this ground, the judgment of dismissal would not be valid

as to the co-defendant Ferguson as there is no authority for a co-defendant to become the beneficiary of a dismissal under CPA § 37 (d) merely because of a failure of the plaintiff to comply with the other co-defendant's discovery actions.

2. The judgment awarding expenses is also erroneous. The court granted this judgment under CPA § 37 (a)(4) (Code Ann. § 81A-137 (a)(4)) which authorizes an award of expenses *after* the grant of a motion to compel a party to make discovery. No order was ever granted compelling plaintiff to answer interrogatories or to compel inspection.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED JANUARY 7, 1976 — REHEARING DENIED JANUARY 20, 1976 —

L. B. Kent, for appellant.
*Denny C. Galis, Erwin, Epting, Gibson & McLeod, Gary B. Blasingame,* for appellees.