## 77012. KING v. GREEN et al.
### (375 SE2d 53)

SOGNIER, Judge.

Joe Green, Jr. b/n/f Susan Green, his wife and/or guardian, and other members of his family (hereinafter "Green") brought suit against Cynthia King seeking damages derived from injuries Joe Green, Jr., incurred in an automobile accident. Service upon King, the driver of the vehicle in which Green was a passenger, was effectuated "by and through her next friend, husband and/or legal guardian," Arthur King. Cynthia King subsequently died from the injuries she incurred in the accident, and the suggestion of death, filed by her attorneys on July 14, 1987, was served on all parties, including Arthur King as the administrator of Cynthia King's estate. On January 19, 1988, a motion to dismiss Green's suit pursuant to OCGA § 9-11-25 (a) was made on the basis that Green had failed to file a motion to substitute the proper party defendant for Cynthia King within the 180-day period set forth in the statute. Green did not respond to the January 19th motion to dismiss until February 26, 1988. See Uniform Rules for the Superior Courts, Rule 6.2 (253 Ga. 799, 816-817) (1985). No hearing was held on the motion nor was any evidence presented before the trial court. The court denied the motion, finding that Green's failure to request substitution of Arthur King within 180 days of the filing of the suggestion of death was due to "excusable neglect." We granted King's application for interlocutory appeal from this order.

OCGA § 9-11-25 (a) (1) provides: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party . . . . Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party." The procedure set forth in OCGA § 9-11-25 (a) (1) "is for the protection of the prospective respondent to the motion for substitution of parties [i.e., the administrator or executor of the decedent's estate] and is for the purpose of enabling this prospective respondent to place a limitation upon the period of time during which the movant may seek substitution of parties." *Anderson v. Southeastern Capital Corp.*, 243 Ga. 498, 499 (255 SE2d 12) (1979).

The Supreme Court, in *Jernigan v. Collier*, 234 Ga. 837, 839-840 (1) and (2) (218 SE2d 556) (1975), held that where no motion for substitution is made 180 days after death is suggested of record, dismissal is not automatic under the statute but that it must be effected by entry of an order by the court, which thus "permit[s] the court some discretion in entering such an order. . . . This reasoning is required in this case by the Civil Practice Act itself. [OCGA § 9-11-6 (b)] pro-

vides that '[w]hen by this title or by a notice given thereunder . . . an act is required or allowed to be done at or within a specified time . . . the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.' Construed together, [OCGA § 9-11-25 (a) (1)] and [OCGA § 9-11-6 (b) (2)] provide that when motion for substitution is made more than 180 days after death is suggested of record, the court may in its discretion permit the motion for substitution where the failure to file such motion was the result of excusable neglect." Id. at 840(2).

However, while OCGA § 9-11-6 (b) gives the trial court wide discretionary authority to enlarge the time within which an act may be done, " ' "the discretion to be exercised is a judicial discretion, not an unrestrained one." ' [Cits.]" *Jones v. Howard,* 153 Ga. App. 137, 140 (264 SE2d 587) (1980). The "excusable neglect" found by the trial court here was not factually based since the record reveals no hearing was held nor were affidavits or other evidence presented by appellees to explain their failure to move the trial court to substitute the administrator of King's estate for the decedent. Viewing the record and parties' arguments, see *Berry v. Morton,* 152 Ga. App. 117-118 (2) (262 SE2d 263) (1979), it is apparent that appellees do not claim excusable neglect because they were uncertain of King's death, compare id., or because they were misled as to the identity of the administrator of her estate. Compare *Harvey v. Oliver,* 178 Ga. App. 63, 64-65 (2) (341 SE2d 917) (1986). Instead, the sole justification offered by appellees is their argument that they were confused as to the law in Georgia, asserting they thought that since appellant knew of their suit (having accepted service of process on behalf of King), it was not necessary, when King died and appellant became the administrator of her estate, for them to substitute appellant for the deceased defendant. Appellees argue it would be "hypertechnical" to dismiss the claims of a severely disabled automobile accident victim under these circumstances.

Appellant here, as administrator of his wife's estate, "desired the protection of the 180-day limitation period," *Dubberly v. Nail,* 166 Ga. App. 378, 380 (4) (304 SE2d 504) (1983), a right to which he is statutorily entitled. OCGA § 9-11-25 (a) (1). Appellees argue that their neglect in failing to seek timely substitution of parties is excusable because they believed the law of Georgia allowed them to continue litigation in a suit against a deceased person. "The justification advanced [by appellees here is that] counsel was confused as to the rule in Georgia [regarding substitution of the administrator of the estate in place of the deceased defendant.] But the law is plain. [OCGA § 9-11-25 (a) (1).] We cannot say this explanation constituted excusable neglect as a matter of law. 'Excusable neglect' means, among other

things, 'a reasonable excuse.' [Cit.] The maxim that 'ignorance of the law offers no legal excuse' needs no citation." *Barone v. McRae & Holloway, P. C.*, 179 Ga. App. 812, 813-814 (1) (348 SE2d 320) (1986).

A reviewing court should not interfere with the trial court's exercise of its discretion "unless it is made to appear that wrong or oppression results from its abuse, or the court in some manner takes away rights the parties have under the law. [Cits.]" *Hopkins v. Allen*, 123 Ga. App. 330-331 (180 SE2d 919) (1971). Since there was no evidence from which the trial court could find excusable neglect as a matter of fact and, as a matter of law, appellees' explanation did not constitute excusable neglect, the trial court abused its discretion in denying appellant's motion to dismiss appellees' suit for their failure to seek substitution of parties within the 180-day limitation period in OCGA § 9-11-25 (a) (1). See generally *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 757 (240 SE2d 136) (1977).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 12, 1988 — ▆▆▆▆▆▆▆

*Downey, Cleveland, Parker & Williams, Lynn A. Downey*, for appellant.

*Robert A. Falanga*, for appellees.