A89A1046. SINGLETON v. EASTERN CARRIERS, INC. et al.
(384 SE2d 202)

BANKE, Presiding Judge.

As appellee Cantrell was operating a tractor-trailer owned by his employer, appellee Eastern Carriers, Inc., the vehicle collided with an automobile being driven by appellant Singleton. Singleton brought the present action against Cantrell, Eastern Carriers, and Eastern Carriers' insurer, appellee United States Fire Insurance Company, to recover for injuries which he allegedly sustained as a result of this collision. All three appellees joined in filing a single answer. Along with this answer, Singleton was served with a request for discovery, captioned as follows: "Defendant Eastern Carriers, Inc.'s Interrogatories and a Request for Production of Documents."

Having received no response to these discovery requests, appellees' counsel directed a letter to appellant's counsel 37 days after they were served requesting compliance with them. When that letter, a subsequent phone call, and yet another written demand for compliance all failed to elicit any response, appellees' counsel filed a motion to compel, captioned as follows: "Defendant Eastern Carriers, Inc.'s

Motion to Compel Plaintiff's Answers to Discovery and Motion for Sanctions." The appellant similarly filed no response to this motion. However approximately two months later he did finally submit responses to the discovery requests. Following a subsequent hearing on Eastern Carriers' motion for sanctions, the trial court determined that the appellant's failure to file timely responses to the discovery requests was wilful and accordingly dismissed the complaint with prejudice as to all three defendants. We granted the appellant's application for an interlocutory appeal to determine whether such dismissal was authorized with respect to appellees Cantrell and United States Fire Insurance Company, which did not join with Eastern Carriers either in submitting the discovery requests or in seeking sanctions for the appellant's failure to respond to them. *Held*:

1. The appellees' motion to dismiss the appeal based on the appellant's failure to file a timely enumeration of errors and brief is denied. See Court of Appeals Rule 14 (a), as amended effective March 1, 1989.

2. "[T]here is no authority for a co-defendant to become the beneficiary of a dismissal under [OCGA § 9-11-37 (d)] merely because of a failure of the plaintiff to comply with the other co-defendant's discovery actions." *Johnson v. Martin*, 137 Ga. App. 312, 314 (223 SE2d 465) (1976). Since the requested discovery was sought only by Eastern Carriers, we are constrained to hold that the trial court erred in ordering dismissal as to the other two defendants, appellees Cantrell and United States Fire Insurance Company.

3. The appellant contends that he was not subject to sanctions under OCGA § 9-11-37 (d) because Eastern Carriers' motion for such sanctions was not entered on the court docket until after his responses were served. This contention is completely meritless. The evidence of record reveals without dispute that the motion for sanctions was both filed with the trial court and mailed to appellant's counsel on September 1, 1988, almost two months before the appellant served his responses. The failure of the clerk's office to enter the motion on the court docket until the date of the hearing certainly does not excuse the appellant's failure to file timely responses to the discovery requests. "Once a motion for sanctions has been *filed,* their imposition cannot be precluded by a belated response made by the opposite party. [Cit.]" *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577, 578 (359 SE2d 441) (1987). (Emphasis supplied.) As the appellant totally failed either to respond to Eastern Carriers' interrogatories and requests for production of documents or to seek a protective order pursuant to OCGA § 9-11-26 (c), that portion of the trial court's order dismissing with prejudice the complaint against Eastern Carriers is affirmed. See *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436 (2) (254 SE2d 825) (1979).

*Judgment affirmed in part and reversed in part. Sognier and Pope, JJ., concur.*

DECIDED JUNE 20, 1989 —
REHEARING DENIED JULY 11, 1989.

*David U. Crosby, Jason M. Braswell*, for appellant.
*Drew, Eckl & Farnham, W. Wray Eckl, Julia B. Anderson, Freeman & Hawkins, Michael J. Goldman*, for appellees.