## A95A2553. MADDOX v. WILSON.
(464 SE2d 226)

JOHNSON, Judge.

Frank Maddox brought this action against Lloyd Wilson for money allegedly due on a contract for the construction of a house. Suit was filed on May 17, 1988. On October 24, 1991, Maddox notified the court that he had discharged his attorney. Since that date Maddox has proceeded pro se. On April 12, 1992, Wilson died and his attorney filed a suggestion of death notice with the court on June 1, 1992. In April 1993, Maddox stipulated the case to a trial calendar. At the call of the calendar, counsel for the deceased defendant made a motion to dismiss the action pursuant to OCGA § 9-11-25 (a). The trial court granted the motion, and Maddox appeals.

1. In his first enumeration of error, Maddox asserts the trial court erred in not having a speedy trial. Pretermitting whether this issue was ever raised and ruled on by the trial court in order to secure a right of appellate review, we note that the right to a speedy (and public) trial is a constitutional protection applicable in the *criminal* context. Ga. Const. of 1983, Art. I, Sec. I, Par. XI; OCGA §§ 17-7-170, 17-7-171. The constitution also requires that rules of the court "provide for the speedy, efficient, and inexpensive resolution of disputes." Ga. Const. of 1983, Art. VI, Sec. IX, Par. I. The legislature has addressed that goal in the passage of the Georgia Civil Practice Act which "shall be construed to secure the just, speedy, and inexpensive determination of every action." OCGA § 9-11-1. The obligation to move cases to trial in civil matters, however, lies generally with the parties themselves. This lesson Maddox learned himself when, after this action had been pending for five years, his case came to trial seven months after he asked that it be put on a trial calendar. There is no merit to this enumeration.

2. In his second enumeration of error, Maddox contends the trial court erred in dismissing his action. "OCGA § 9-11-25 (a) (1) provides: 'If a party dies and the claim is not thereby extinguished, the

court may order substitution of the proper parties. The motion for substitution may be made by any party. . . . Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party.' The procedure set forth in OCGA § 9-11-25 (a) (1) 'is for the protection of the prospective respondent to the motion for substitution of parties (i.e., the administrator or executor of the decedent's estate) and is for the purpose of enabling this prospective respondent to place a limitation upon the period of time during which the movant may seek substitution of parties.' [Cit.]" *King v. Green*, 189 Ga. App. 105 (375 SE2d 53) (1988). In *King*, this Court held that confusion about the necessity of filing a motion for substitution of parties after a suggestion of death did not constitute excusable neglect. Id. at 106. In that case, the trial court's refusal to grant the motion to dismiss was held to constitute an abuse of its discretion and was reversed.

A person choosing to represent himself does so at his own risk, and as cited in *King*: " 'The maxim that "ignorance of the law offers no legal excuse" needs no citation.' [Cit.]" (Punctuation omitted.) Id. at 107. A deceased person cannot be a party to legal proceedings. *Mathews v. Cleveland*, 159 Ga. App. 616, 617-618 (284 SE2d 634) (1981). Because no valid substitution of parties was made within the 180 days contemplated by the law, we conclude that the trial court was correct in granting Wilson's motion to dismiss.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 9, 1995 —
RECONSIDERATION DENIED NOVEMBER 27, 1995.

Frank Maddox, *pro se.*
*Smith, Welch & Studdard, Ben W. Studdard III*, for appellee.

