A97A0322. WASHINGTON et al. v. SOUTH GEORGIA MEDICAL CENTER.
(487 SE2d 125)

ANDREWS, Chief Judge.

Kenneth Washington, Sr., individually, and his wife Cynthia Washington, individually and as next friend of her son, Kenneth Washington, Jr., appeal from an order of the trial court dismissing their action against South Georgia Medical Center (the hospital) on the basis that the Washingtons wilfully failed to attend their depositions.

This is the Washingtons' second appeal from a dismissal of their

claims against the hospital for failure to attend their depositions. As set forth in the previous appeal, "[t]he Washingtons brought this medical malpractice action against Dr. Roy Swindle and [the hospital] asserting that, as a result of the defendants' negligence, Mrs. Washington and her son were injured during the child's delivery." *Washington v. South Ga. Med. Center,* 221 Ga. App. 640 (472 SE2d 328) (1996). In *Washington,* supra, the trial court granted separate sanction motions brought by Swindle and the hospital pursuant to OCGA § 9-11-37 (d) seeking dismissal of the Washingtons' action because of failure to appear for their depositions. The depositions were noticed by Swindle but not by the hospital. The Washingtons appealed from the dismissal of their claims against both Swindle and the hospital. We affirmed the dismissal of the claims against Swindle on the basis that there was evidence supporting the trial court's determination that the Washingtons received notice of the depositions from Swindle and wilfully failed to appear at the depositions. We reversed the trial court's order granting the sanction of dismissal as to the hospital. We did so on the basis that the trial court prematurely considered the hospital's motion for sanctions prior to the expiration of the response period on the motion, and we "remand[ed] so that the trial court may consider the response proffered by the Washingtons and determine what sanctions, if any, are merited." *Washington,* supra at 642 (2). All three judges on the panel in *Washington* concurred in affirming the dismissal as to Swindle and in reversing the dismissal as to the hospital. Id. at 640-643.

However, in dicta in *Washington,* supra, two judges on the panel further stated that, upon remand, the trial court would be authorized to impose sanctions sought by the hospital against the Washingtons for failure to attend the depositions, despite the fact that Swindle, and not the hospital, was the party who noticed the depositions. The remaining judge on the panel disagreed with this statement citing *Singleton v. Eastern Carriers,* 192 Ga. App. 227, 228 (384 SE2d 202) (1989), and *Johnson v. Martin,* 137 Ga. App. 312, 314 (223 SE2d 465) (1976), as authority that the hospital could not obtain sanctions for the Washingtons' failure to attend depositions it did not ask for.

On remand, the trial court reconsidered the hospital's motion for sanctions pursuant to OCGA § 9-11-37 (d) along with the Washingtons' response, concluded that the Washingtons wilfully failed to attend the depositions noticed by Swindle, granted the hospital's motion, and dismissed all claims against the hospital. On appeal from the dismissal order, the Washingtons contend that, because the depositions were noticed to them only by the hospital's co-defendant, Swindle, the trial court had no authority to dismiss their claims against the hospital for their failure to attend the depositions.

We agree. In *Singleton,* supra, one of three co-defendants served

the plaintiff with interrogatories and a request for production of documents. After the plaintiff failed to timely respond to the requested discovery, the defendant seeking the discovery moved for sanctions. The trial court found the plaintiff's failure to be wilful and dismissed the complaint as to all three defendants. On appeal by the plaintiff, we affirmed the dismissal as to the defendant seeking the discovery but reversed the dismissal as to the other two defendants. We held: " '(T)here is no authority for a co-defendant to become the beneficiary of a dismissal under (OCGA § 9-11-37 (d)) merely because of a failure of the plaintiff to comply with the other co-defendant's discovery actions.' *Johnson*[, supra at] 314. Since the requested discovery was sought only by [one of the three defendants], we are constrained to hold that the trial court erred in ordering dismissal as to the other two defendants. . . ." *Singleton*, supra at 228 (2).

Although *Singleton* applied this rule to written discovery requests, we conclude it also applies to discovery sought by deposition upon oral examination. Accordingly, we disagree with and will not adopt the position taken in dicta by two-thirds of the panel in *Washington*, supra, that *Singleton* does not apply to deposition discovery. Admittedly, deposition discovery differs from interrogatories and other forms of written discovery in that, when a party serves the deponent with notice of a deposition, all the other parties to the action are entitled to notice of the deposition and may attend and examine or cross-examine the deponent as permitted at the trial under the rules of evidence. OCGA § 9-11-30 (b) (1), (c) (1). Thus, as noted in *Washington*, supra at 642, a party, like the hospital in the present case, may attend a deposition noticed by another party and incur preparation and attendance expenses when the deponent fails to appear. We conclude, however, that this concern is not a sufficient reason to exclude deposition discovery from the rule established in *Singleton*. A non-noticing party attending a deposition where the deponent fails to appear may seek reimbursement of reasonable preparation and attendance expenses pursuant to: (1) OCGA § 9-11-30 (g) (2) from the party who noticed the deposition, if no subpoena was served on the deponent, or (2) the inherent power of the court to control the conduct of the parties before it in the exercise of discovery. See *Millholland v. Oglesby*, 114 Ga. App. 745, 751 (152 SE2d 761) (1966), rev'd on other grounds, 223 Ga. 230 (154 SE2d 194) (1967); *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 589 (452 SE2d 159) (1994); OCGA § 15-1-3 (4). Contrary to other concerns expressed in *Washington*, supra at 642, we do not consider it unreasonable in multi-party litigation to require that, before any party may seek sanctions under OCGA § 9-11-37 (d) for the failure of another party to appear at their noticed deposition, the party seeking the sanctions must have served a deposition notice on the party depo-

nent. Serving a deposition notice provides due process notice of attending parties to a party deponent preparing for a deposition and makes clear to a party deponent who fails to attend which other parties will be entitled to seek the sanctions available under OCGA § 9-11-37 (d) for failure to attend a noticed deposition. This is consistent with our policy of avoiding the harsh application of the drastic sanctions available under OCGA § 9-11-37 (d) and of limiting such sanctions to flagrant cases involving a wilful failure to comply with discovery requests. See *Maxey v. Covington*, 126 Ga. App. 197, 199 (190 SE2d 448) (1972).

We need not address appellants' remaining enumerations.

*Judgment reversed. McMurray, P. J., Beasley, Johnson, Smith and Eldridge, JJ., concur. Birdsong, P. J., Pope, P. J., Blackburn and Ruffin, JJ., dissent.*

BLACKBURN, Judge, dissenting.

I cannot agree that the rule of *Singleton v. Eastern Carriers*, 192 Ga. App. 227 (384 SE2d 202) (1989), applies to the instant case or to *Washington v. South Ga. Med. Center*, 221 Ga. App. 640 (472 SE2d 328) (1996). Such rule does not preclude a party from obtaining sanctions against a deponent who fails to appear where the deposition was noticed by another party. Nor do I agree with the majority's attempt to expand the rule of *Singleton*; therefore, I must respectfully dissent. The rule in *Singleton* regarding who may obtain discovery sanctions is limited to written discovery, and the majority's extension of this rule to encompass deposition discovery is unwarranted. The reason for the rule in *Singleton* is that the party who submits the interrogatories is the only party who would have incurred expenses as a result of the failure to answer the interrogatories. This is not the case when a party appears at a noticed deposition and the deponent fails to appear. I also disagree with the majority's characterization of pertinent language from *Washington*, supra, as dicta.

"Dicta" is that which is typically "unnecessary to the holding of the case." *Hoesch America v. Dai Yang Metal Co., Ltd.*, 217 Ga. App. 845, 847 (459 SE2d 187) (1995). The majority concludes that the language from *Washington*, supra, holding that a party other than the one noticing the deposition can obtain sanctions when the deponent fails to appear is dicta. This characterization is inaccurate because of another often-observed rule of this Court: that we will address issues on appeal which are likely to arise on remand. See *Sellers v. Nodvin*, 207 Ga. App. 742, 747 (4) (429 SE2d 138) (1993).

In *Washington*, this second rule was applied. We remanded the non-noticing party's motion for sanctions after the deponent failed to appear, and we did so on procedural grounds. However, because the

viability of the motion was certain to be an issue on remand, we addressed the trial court's options with respect to the motion. For this reason, the language referred to by the majority is not dicta, and it should not be overlooked as such.

With respect to the majority's extension of *Singleton*, supra, to include deposition discovery, *Singleton* is being stretched to include discovery which it never contemplated. In a single paragraph, *Singleton* held simply that the defendant whose written discovery requests the plaintiff had failed to answer was entitled to the sanction of dismissal, but co-defendants who were not parties to said written discovery could not also receive dismissal on this basis. *Singleton*, supra at 228 (2). *Singleton* cites for authority *Johnson v. Martin*, 137 Ga. App. 312 (223 SE2d 465) (1976), but *Johnson* is also limited only to written discovery.

The majority's finding that a non-noticing party may not obtain sanctions when a deponent fails to appear ignores the economic realities of the practice of law, the scheduling of depositions, and the difficulties inherent in both. As noted in *Washington*, in cases involving multiple parties, depositions will frequently be attended by all parties and their counsel. The scheduling of such deposition involves a tremendous amount of communication, coordination, and planning. When the deponent fails to appear, it is irrefutable that all parties, not just the noticing party, suffer inconvenience and lost preparation time.

The majority concludes that the reason for requiring formal notice of depositions from every party attending depositions is so that the non-complying party will know who will be entitled to seek sanctions. A non-complying party will already know the identity of the parties involved in the case and, therefore, the potential liability for non-compliance.

Therefore, the majority's attempted expansion of the written discovery rule to depositions adds no benefit to any party. This Court should interpret the law in a common-sense fashion with a view to efficiency and the reduction of litigation expenses. Such a rule applied to a case involving five plaintiffs and six defendants would require the sending of ten formal notices for the first deposition on a given day and ten for each deposition taken thereafter.

Moreover, the remedies proposed by the majority for non-noticing parties where deponents fail to appear do not adequately address the problem. Inviting such parties to appeal to "the inherent power of the court to control the conduct of the parties before it in the exercise of discovery," creates additional litigation where an appellate rule would clarify and simplify the process for trial courts already overburdened with discovery disputes.

"The constitution . . . requires that rules of the court 'provide for

the speedy, efficient, and inexpensive resolution of disputes.' Ga. Const. of 1983, Art. VI, Sec. IX, Par. I. The legislature has addressed that goal in the passage of the Georgia Civil Practice Act which 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' OCGA § 9-11-1." *Maddox v. Wilson*, 219 Ga. App. 158 (1) (464 SE2d 226) (1995).

For these reasons, I would find that the defendant hospital could seek sanctions as the plaintiffs had formal notice of the depositions, even though such notice came from another party. The plaintiffs knew when and where the depositions were to be taken and knew that the hospital was a party to the lawsuit with an interest to protect by being present at the deposition. I would affirm the trial court's grant of the defendant hospital's motion for sanctions for the plaintiffs' failure to appear.

I am authorized to state that Presiding Judge Birdsong, Presiding Judge Pope and Judge Ruffin join in this dissent.

DECIDED MAY 28, 1997 — ▋▋▋▋▋▋▋▋▋▋▋▋
▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ Before Judge Lilly.

*Elizabeth Pelypenko*, for appellants.

*Young, Thagard, Hoffman, Scott & Smith, F. Thomas Young, Elizabeth C. Cleveland*, for appellee.