### S97G1551. SOUTH GEORGIA MEDICAL CENTER
### v. WASHINGTON et al.
(497 SE2d 793)

THOMPSON, Justice.

Plaintiffs Kenneth Washington, Sr., and Cynthia Washington, filed suit against South Georgia Medical Center ("SGMC"), and Dr. Roy Swindle, seeking damages for medical malpractice. Swindle served plaintiffs with a notice to take their depositions. When plaintiffs failed to appear at the scheduled time and place, Swindle filed a motion for sanctions. So did SGMC. The trial court granted the motions and dismissed plaintiffs' claims as to both defendants. The Court of Appeals affirmed the dismissal of plaintiffs' claims against Swindle; but it remanded for reconsideration of SGMC's motion for sanctions. *Washington v. South Georgia Med. Center*, 221 Ga. App. 640 (472 SE2d 328) (1996) (*"SGMC I"*). In so doing, two judges opined that a non-noticing party who attends a noticed deposition can seek sanctions, including dismissal, when the deponent fails to appear. Id. at 642. A third judge concurred specially, taking the position that, because SGMC did not send a notice of deposition, it could not seek the dismissal of plaintiffs' claims on the ground that plaintiffs failed to attend their depositions.

Following remand, the trial court again granted SGMC's motion for sanctions and dismissed plaintiffs' claims against SGMC. On appeal, plaintiffs asserted that the trial court erred in dismissing their claims against SGMC because, inasmuch as SGMC did not serve them with a notice to take their depositions, it could not seek sanctions against them. They also asserted that, in any event, the trial court abused its discretion in imposing the ultimate sanction of dismissal. Citing *Singleton v. Eastern Carriers*, 192 Ga. App. 227, 228 (384 SE2d 202) (1989), a majority of the Court of Appeals held that a non-noticing party could not seek sanctions against a deponent who fails to appear. In so holding, the majority concluded that language to the contrary in *SGMC I* — i.e., that a non-noticing party can seek sanctions — was mere dicta, not the law of the case. *Washington v. South Georgia Med. Center*, 226 Ga. App. 554 (487 SE2d 125) (1997) (*"SGMC II"*). We granted certiorari and posed these questions: Whether the Court of Appeals misconstrued the holding in *SGMC I* as "dicta" and erroneously failed to apply that holding as the "law of the case" in *SGMC II*. Whether the failure of SGMC to give its own notice precludes it from seeking sanctions based upon plaintiffs'

failure to appear at the deposition noticed by Swindle.

1. Although the law of the case rule has been abolished, OCGA § 9-11-60 (h), any ruling in a case by this Court or the Court of Appeals is binding in all subsequent proceedings in that case. Id.; *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 787 (1) (456 SE2d 97) (1995). Thus, if the reversal and remand in *SGMC I*, authorizing the trial court to exercise its discretion with regard to SGMC's motion for sanctions, established the law of the case, as opposed to mere dicta, that ruling would have been binding on the parties in *SGMC II*.

> "An adjudication on any point within the issues presented by the case cannot be considered a dictum, and this rule applies as to all pertinent questions, although only incidentally involved, which are presented and decided in the regular course of the consideration of the case, and lead up to the final conclusion, and to any statement in the opinion as to a matter on which the decision is predicated."

*Rivers v. Brown*, 200 Ga. 49, 52 (36 SE2d 429) (1945) (quoting 21 CJS 314, § 190-b).

The issue of SGMC's entitlement to sanctions was at least "incidentally involved" in *SGMC I* and served as the basis for ordering a remand, rather than an outright reversal. It follows that the statements in *SGMC I* were not dicta, but the law of the case. Id. See also *Little v. Fleet Finance*, 224 Ga. App. 498, 501 (1) (481 SE2d 552) (1997). Thus, insofar as it pertained to SGMC's motion for sanctions, *SGMC I* was binding on all subsequent proceedings. OCGA § 9-11-60 (h); *Rivers v. Brown*, supra. The Court of Appeals erred in ruling otherwise.

2. In *Singleton v. Eastern Carriers*, supra, the plaintiff brought suit against Cantrell, Eastern Carriers, and United States Fire Insurance Company. Eastern Carriers served the plaintiff with written discovery requests and, when the plaintiff failed to respond, filed a motion to compel. When the plaintiff failed to respond to that motion, Eastern Carriers moved for sanctions. The trial court determined that the plaintiff's failure to file timely responses to Eastern Carriers' discovery requests was wilful and dismissed the complaint as to all three defendants. On appeal, the Court of Appeals reversed the dismissal as to Cantrell and United States Fire Insurance Company, holding that a co-defendant could not seek sanctions against a plaintiff who failed to comply with the other co-defendant's discovery requests.

The rule set forth in *Singleton* is sound insofar as it pertains to written discovery. Where a party fails to respond to written discov-

ery, a non-requesting party should not be permitted to take advantage of the party's failure to respond. Why? Because the non-requesting party cannot be said to have been prejudiced by the party's failure to respond. However, that rationale does not hold true for deposition discovery. As Judge Blackburn observed in his dissent in *SGMC II*:

> The majority's finding that a non-noticing party may not obtain sanctions when a deponent fails to appear ignores the economic realities of the practice of law, the scheduling of depositions, and the difficulties inherent in both. . . . [I]n cases involving multiple parties, depositions will frequently be attended by all parties and their counsel. The scheduling of such deposition involves a tremendous amount of communication, coordination, and planning. When the deponent fails to appear, it is irrefutable that all parties, not just the noticing party, suffer inconvenience and lost preparation time. . . . Therefore, the majority's attempted expansion of the written discovery rule to depositions adds no benefit to any party. This Court should interpret the law in a common-sense fashion with a view to efficiency and the reduction of litigation expenses. Such a rule applied to a case involving five plaintiffs and six defendants would require the sending of ten formal notices for the first deposition on a given day and ten for each deposition taken thereafter.

*SGMC II*, supra at 558.

It follows that the majority of the Court of Appeals erred in holding that SGMC could not seek sanctions against the plaintiffs for their failure to appear at their deposition. This is not to say that dismissal of the plaintiffs' claims against SGMC was the appropriate sanction given the facts and circumstances of this case. Because this issue was raised, but not reached by the Court of Appeals, that court should determine on remand whether the trial court abused its discretion in dismissing plaintiffs' claims. See generally *Smith v. Mullinax*, 122 Ga. App. 833 (178 SE2d 909) (1970).

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED APRIL 13, 1998.

*Young, Thagard, Hoffman, Scott & Smith, F. Thomas Young, Elizabeth C. Cleveland,* for appellant.

*Elizabeth Pelypenko,* for appellees.