A97A0322. WASHINGTON et al. v. SOUTH GEORGIA
MEDICAL CENTER.
(511 SE2d 629)

ANDREWS, Judge.

In *Washington v. South Ga. Med. Center*, 226 Ga. App. 554 (487 SE2d 125) (1997), the Washingtons appealed from the trial court's order dismissing their action against South Georgia Medical Center (the hospital) on the basis that they wilfully failed to appear for their depositions which were noticed to them by the hospital's co-defendant, Swindle. We reversed, concluding that the trial court had no authority to grant the hospital's motion for the sanction of dismissal pursuant to OCGA § 9-11-37 (d) because the depositions were noticed, not by the hospital, but by Swindle. Id. In *South Ga. Med. Center v. Washington*, 269 Ga. 366 (497 SE2d 793) (1998), the Supreme Court reversed this Court, held the trial court had authority to grant the hospital's motion for sanctions, and remanded the case to this Court to determine whether the trial court abused its discretion in dismissing the plaintiffs' claims. Accordingly, the judgment

of the Supreme Court is made the judgment of this Court.

In imposing the sanction of dismissal against the Washingtons pursuant to OCGA § 9-11-37 (d) for failure to appear for their depositions, the trial court found that the failure was conscious or intentional. We find no abuse of discretion in the trial court's dismissal of the Washingtons' action against the hospital. *Smith v. Mullinax*, 122 Ga. App. 833 (178 SE2d 909) (1970).

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., Beasley, P. J., Blackburn, Smith, Ruffin, Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 5, 1999.

*Elizabeth Pelypenko*, for appellants.

*Young, Thagard, Hoffman, Scott & Smith, F. Thomas Young, Elizabeth C. Cleveland*, for appellee.