THOMAS, Judge.
 

 Chi'istopher Myers appeals from a judgment dismissing his complaint against Jeffery Keith Harris and Progressive Specialty Insurance Company for lack of prosecution following his failure to respond to discovery requests, his failure to obey a discovery order, and his failure to appear at a hearing. We affirm that part of the judgment dismissing the complaint
 
 *609
 
 against Progressive, but we reverse that part of the judgment dismissing the complaint against Harris.
 

 On June 16, 2008, Myers sued Harris and Progressive, alleging that Harris had negligently caused a motor-vehicle collision that resulted in personal injuries to Myers and that Progressive, Myers’s underin-sured-motorist insurance carrier, was potentially liable to him for benefits under Myers’s insurance policy. Along with the complaint, Myers served Harris and Progressive with interrogatories. On July 17, 2008, Progressive answered the complaint and served Myers with interrogatories and requests for production. On July 31, 2008, Harris did the same. On August 7, 2008, Progressive answered Myers’s interrogatories. On August 22, 2008, Progressive’s counsel, having received from Myers no response to its discovery requests, wrote a letter to Myers’s counsel requesting a response within 14 days. Myers did not respond to the letter, and, on September 5, 2008, Progressive filed a Rule 37, Ala. R. Civ. P., motion to compel Myers to respond to its discovery requests.
 

 Myers filed nothing in opposition to that motion. The trial court granted the motion on September 10, 2008, ordering Myers to respond to Progressive’s interrogatories and requests for production within 10 days. Myers failed to obey the trial court’s September 10, 2008, order, and, on September 25, 2008, Progressive moved to dismiss Myers’s complaint. Myers filed no response to the motion. On September 29, 2008, the trial court entered an order stating that it would consider Progressive’s motion as one for sanctions, and it set the matter for a hearing on December 18, 2008. Neither Myers nor his counsel appeared at the hearing.
 

 On December 22, 2008, the trial court dismissed Myers’s complaint for his failure to appear and prosecute his action. The same day, Myers filed a Rule 59(e), Ala. R. Civ. P., motion, asserting that he had not appeared at the December 18, 2008, hearing because “for some reason the date did not get scheduled on his calendar”; that he had not engaged in willful, intentional, or contumacious conduct but that “[i]t simply took ... a long time to gather all the information” sought by Progressive’s discovery requests; that he would be greatly prejudiced by the dismissal of his claims against Harris because the statutory limitations period for filing his complaint had expired; and that the trial court should not have dismissed his claim against Harris because only Progressive had moved to compel discovery and to dismiss his complaint.
 
 [1]
 

 On December 24, 2008, Myers served responses to the discovery requests by both Progressive and Harris, and the trial court set Myers’s postjudgment motion for a hearing on February 3, 2009. Following that hearing, the trial court denied Myers’s postjudgment motion on February 11, 2009. Myers timely appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Standard of Review
 

 Rule 41(b), Ala. R. Civ. P., governs the dismissal of actions. That rule provides, in pertinent part:
 

 “For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise spec
 
 *610
 
 ifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.”
 

 In
 
 Riddlesprigger v. Ervin,
 
 519 So.2d 486, 487 (Ala.1987), the Alabama Supreme Court stated:
 

 “Rule 41(b) has been construed to mean that a trial court has the inherent power to dismiss a cause for want of prosecution or for failure to comply with court rules or orders.... Such a dismissal is generally considered to be within the sound discretion of the trial court and will be reversed on appeal only for an abuse of that discretion.”
 

 In
 
 Iverson v. Xpert Tune, Inc.,
 
 553 So.2d 82, 87 (Ala.1989), the supreme court discussed the standard of review applicable to a dismissal under Rule 37, Ala. R. Civ. P., for failure to comply with discovery rules:
 

 “The trial court is vested with broad and considerable discretion in controlling the discovery process and in making rulings on all matters pertaining to discovery, including the authority to make such rulings as are necessary to protect the integrity of the discovery process. Furthermore, deeply rooted in the common law is the court’s power to manage its affairs in order to achieve the orderly and expeditious disposition of cases, including the authority to impose reasonable and appropriate sanctions for failure to comply with discovery.
 

 “The choice of discovery sanctions is within the trial court’s discretion and will not be disturbed on appeal absent gross abuse of discretion, and then only upon a showing that such abuse of discretion resulted in substantial harm to appellant.
 

 “We recognize that the sanction of dismissal is the most severe sanction that a court may apply. Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction. Dismissal orders must be carefully scrutinized, and the plaintiffs conduct must mandate dismissal. We have held that ‘willfulness’ on the part of the noncomplying party is a key factor supporting a dismissal. If one party has acted with willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice, the application of even so stringent a sanction as dismissal is fully justified and should not be disturbed.”
 

 (Citations omitted.)
 

 On appeal, Myers contends that the trial court exceeded the limits of its discretion by dismissing his complaint because, he says, his conduct was merely negligent and not willful. He also contends that, assuming the dismissal was warranted at all, it was authorized only as to the claim against Progressive and not as to the claims against Harris, because Harris had neither moved to compel him to respond to discovery requests nor sought sanctions against him.
 

 Dismissal of the Claim Against Progressive
 

 Rule 37(d), Ala. R. Civ. P., provides the method for dealing with a party’s failure to comply with discovery. That rule states, in pertinent part:
 

 “If a party ... fails ... (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for production or inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.”
 

 
 *611
 
 Rule 37(b)(2) provides, in pertinent part, that, if a party fails to obey a discovery order, the court “may make such orders in regard to the failure as are just,” including “(C) [a]n order ... dismissing the action or proceeding or any part thereof.”
 

 We reject Myers’s argument that his failure to respond to Progressive’s discovery requests, his failure to obey a court order directing him to provide discovery responses within 10 days, and his failure to appear at a hearing concerning sanctions for his disobedience to the court order constituted mere negligence, as opposed to willfulness. In two cases similar to the present one,
 
 Tri-Shelters, Inc. v. A.G. Gaston Construction Co.,
 
 622 So.2d 329 (Ala.1993), and
 
 Napier v. McDougal,
 
 601 So.2d 446 (Ala.1992), our supreme court had no trouble finding that the plaintiffs’ conduct was willful and justified the imposition of a default judgment or a dismissal. In
 
 TriShelters,
 
 the court observed “that it does not require considerable sophistication to understand that the trial court’s order to respond was not merely aspirational.” 622 So.2d at 330. We hold that the trial court was well within its discretion in dismissing Myers’s complaint as to Progressive.
 

 Dismissal of the Claims Against Harris
 

 Alabama appellate courts have not considered the issue presented by Myers’s second argument — that a trial court may not dismiss a plaintiffs claims against a codefendant who has not moved to compel written discovery responses or sought sanctions against the plaintiff for violating a discovery order. A 30-year-old decision by the Supreme Court of Rhode Island noted that
 

 “those state courts which have considered the question have held that a dismissal of a plaintiffs claim against defendants with respect to whom plaintiff is not in breach of obligation or as to defendants who have not sought such relief is improper and unauthorized.”
 

 Harrigan v. Mason & Winograd, Inc.,
 
 121 R.I. 209, 214, 397 A.2d 514, 517 (1979). The cases cited by the Rhode Island court for the proposition stated are of questionable validity because, among other things, many of the decisions precede the adoption of rules patterned on the Federal Rules of Civil Procedure.
 

 “In view of the fact that the Alabama Rules of Civil Procedure are patterned after, and are strikingly similar to, the Federal Rules of Civil Procedure, ‘a presumption arises that cases construing the Federal Rules are authority for construction of the Alabama Rules.’ ”
 

 Ex parte Morris,
 
 530 So.2d 785, 787 (Ala.1988) (quoting
 
 Assured Investors Life Ins. Co. v. National Union Assocs., Inc.,
 
 362 So.2d 228, 231 (Ala.1978), overruled on other grounds,
 
 Ex parte Norfolk S. Ry. Co.,
 
 897 So.2d 290 (Ala.2004)).
 

 Among the more recent decisions of our sister states whose discovery rules are patterned on the federal rules, we have found very few cases that have considered the precise issue presented by this appeal. We will focus on two representative state-court
 
 decisions
 
 — Singleton
 
 v. Eastern Carriers, Inc.,
 
 192 Ga.App. 227, 384 S.E.2d 202 (1989), and
 
 Hossainkhail v. Gebrehiwot,
 
 143 Md.App. 716, 795 A.2d 816 (2002).
 

 In
 
 Singleton,
 
 the plaintiff was injured when his vehicle was struck by a tractor-trailer truck owned by Eastern Carriers, Inc., driven by Cantrell, and insured by United States Fire Insurance Company. The plaintiff sued the owner, the driver, and the insurer. The owner served the plaintiff with written discovery requests, and, when the plaintiff failed to respond, the owner filed a motion to compel. When the plaintiff failed to respond to that motion, the owner moved for sanctions. The trial court dismissed the plaintiffs com
 
 *612
 
 plaint as to all three defendants, even though two of them, the driver and the insurer, had made no discovery requests of the plaintiff. The Georgia Court of Appeals reversed the dismissal as to the driver and the insurer, holding that,
 

 “ ‘[t]here is no authority for a co-defendant to become the beneficiary of a dismissal under [§ 9-11-37, Ga.Code Ann., which is substantially identical to Rule 37(d), Ala. R. Civ. P.,] merely because of a failure by the plaintiff to comply with the other co-defendant’s discovery actions.’
 
 Johnson v. Martin,
 
 137 Ga.App. 312, 314, 223 S.E.2d 465 (1976). Since the requested discovery was sought only by [the owner], we are constrained to hold that the trial court erred in ordering dismissal as to the other two defendants, [the driver and the insurer].”
 

 Singleton,
 
 192 Ga.App. at 228, 384 S.E.2d at 202.
 

 Commenting
 
 on
 
 the decision in
 
 Singleton,
 
 the Georgia Supreme Court stated:
 

 “The rule set forth in
 
 Singleton
 
 is sound insofar as it pertains to written discovery. Where a party fails to respond to written discovery, a non-requesting party should not be permitted to take advantage of the party’s failure to respond. Why? Because the non-requesting party cannot be said to have been prejudiced by the party’s failure to respond. However, that rationale does not hold true for deposition discovery.”
 

 South Georgia Med. Ctr. v. Washington,
 
 269 Ga. 366, 367, 497 S.E.2d 793, 795 (1998). Although we question the rationale of
 
 Singleton,
 
 we need not decide whether it is correct because
 
 Singleton
 
 is distinguishable on the basis that Harris, the co-defendant here, was not a “nonre-questing party,” as the driver and the insurer in
 
 Singleton
 
 were, but was a “requesting party.” Harris propounded interrogatories and requests for production to Myers, just as Progressive did.
 

 In
 
 Hossainkhail v. Gebrehiwot,
 
 supra, the plaintiff sued three defendants whose negligence, he alleged, had caused him to be injured in a motor-vehicle accident. All three defendants propounded interrogatories and requests for production to the plaintiff. The plaintiff did not respond to any of the discovery requests, but only two of the defendants filed motions to compel and motions to dismiss. The trial court dismissed the complaint as to all three defendants. The plaintiff appealed, making the same argument that Myers makes here — that the trial court should not have dismissed the case with respect to a defendant who had neither moved to compel nor moved to dismiss. The Court of Special Appeals of Maryland rejected that argument based on Maryland Rule 2-433(b), which, the court explained, correlates to Federal Rule 37(b) with the “notable difference ... that, under Federal Rule 37(b), a court may award sanctions for failure to obey an order compelling discovery in the absence of a motion,” 143 Md. App. at 730 n. 7, 795 A.2d at 824 n. 7. The court stated:
 

 “If one party is a discovering and moving party ..., and the other parties are discovering but not moving parties, a court has the authority to impose sanctions against the offending party with respect to its claims against the discovering but not moving parties, based on the conduct of the offending party, the need for effective relief to the discovering and moving party, and in addition, the failure to obey an order of the court.”
 

 143 Md.App. at 732, 795 A.2d at 825. Applying the holding of the Maryland court in
 
 Hossainkhail
 
 to the facts of this case would result in a determination that the trial court was authorized to dismiss
 
 *613
 
 Myers’s claims against both Progressive, which was a discovering and moving party, and Harris, who was a discovering party.
 

 The same result would obtain under Federal Rule 37, but for a different reason.
 
 See Payne v. Exxon Corp.,
 
 121 F.3d 503, 509 (9th Cir.1997). In
 
 Payne,
 
 a group of plaintiffs sued Exxon and VECO, Inc., seeking damages for personal injuries sustained while conducting cleanup of the Exxon
 
 Valdez
 
 oil spill that occurred off the coast of Alaska in 1989. The plaintiffs failed initially to comply with one discovery request served by VECO and failed repeatedly to comply with several discovery requests served by Exxon. After the plaintiffs failed to answer Exxon’s interrogatories, Exxon moved to compel, the district court granted that motion, and the plaintiffs failed to comply. Exxon then moved to dismiss the complaint; VECO joined in that motion, despite the fact that the plaintiffs had no unmet discovery obligation to VECO. The district court dismissed the action as to both defendants. On appeal to the United States Court of Appeals for the Ninth Circuit, the plaintiffs argued that dismissal of the claims against VECO was improper because the discovery requests that formed the basis of the dismissal motion had been served by Exxon, not VECO, and the plaintiffs were not in default with respect to any discovery obligation owed to VECO. The Ninth Circuit Court of Appeals rejected the plaintiffs’ argument, noting that the plaintiffs’ claims had been dismissed for failure to obey a court order. The court explained that, although only a discovering party has standing to file a motion to compel answers to interrogatories and responses to requests for production under Rule 37(a)(2)(B), Fed.R.Civ.P„ “[t]he sanctions provisions of Rule 37(b) (2) [, Fed. R.Civ.P.,] contain no such standing limitation.” 121 F.3d at 510.
 

 The Ninth Circuit Court of Appeals quoted Rule 37(b)(2), Fed.R.Civ.P., which is identical to Rule 37(b)(2), Ala. R. Civ. P., and which states, in pertinent part:
 

 “ ‘If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 

 “ ‘(C) An order ... dismissing the action or proceeding or any part thereof....’”
 

 Id.
 
 The court concluded that, under Rule 37(b)(2),
 

 “[t]he scope of sanctions for failure to comply with a discovery order is committed to the sound discretion of the district court. If Congress had intended to limit the district court’s dismissal authority to claims against the party who propounded discovery, it would not have chosen such sweeping language. Under Rule 37(b)(2), plaintiffs’ willful and repeated violations of discovery orders gave the district court authority to dismiss the entire ‘action or proceeding.’ ”
 

 Id.
 
 Applying the holding in
 
 Payne
 
 to the facts of the present case would result in a determination that the trial court had the authority under Rule 37, Ala. R. Civ. P., to dismiss Myers’s claims against both Progressive and Harris because Myers violated a court order compelling him to provide discovery.
 

 The present case is different from
 
 Payne
 
 in two respects. First, in contrast to the
 
 Payne
 
 plaintiffs, who were not in violation of any discovery obligation with respect to VECO at the time the court dismissed the complaint as to both defendants, Myers
 
 was
 
 in default with respect to Harris when the trial court dismissed the complaint as to both defendants. Myers had not only failed to answer Pro
 
 *614
 
 gressive’s discovery requests, but he had also failed to respond to Harris’s discovery requests. Second, despite Harris’s contention to the contrary on appeal, the record does not indicate that Harris had joined Progressive’s motion for sanctions against Myers, as VECO had joined Exxon’s motion. The two differences from Payne— that Myers was in default of its discovery obligations as to both Progressive and Harris when the trial court dismissed the case and that Harris did not join Progressive’s motion for sanctions against Myers — are, as the court implied in
 
 Payne,
 
 unimportant, because Rule 37(b)(2)(C) gives a trial court the inherent authority, even in the absence of a motion, to “dismiss [] the action or proceeding or any part thereof’ when a party fails to obey a discovery order.
 

 Payne
 
 stands for the proposition that a federal district court acts within the scope of the authority granted by Rule 37(b)(2), Fed.R.Civ.P., when it dismisses a plaintiffs claims against all defendants, based on the plaintiffs failure to obey a court order compelling discovery requested by only one defendant. Because an Alabama court has the same authority under Rule 37(b)(2), Ala. R. Civ. P., we hold that the trial court’s dismissal of Myers’s claims against Harris was authorized by the rule. However, deciding that Rule 37
 
 authorized,
 
 a trial court to dismiss a case does not answer the question whether the trial court exceeded the limits of its discretion in dismissing the case. Whether, under the particular facts of the case, the court properly exercised its discretion in dismissing the case as to all defendants is a separate inquiry.
 
 See Payne,
 
 121 F.3d at 510.
 
 See also Hossainkhail,
 
 143 Md. App. at 732, 795 A.2d at 826.
 

 We begin that inquiry by recognizing that “the sanction of dismissal is the most severe sanction that a court may apply.”
 
 Iverson v. Xpert Tune, Inc.,
 
 553 So.2d at 87. That the sanction of dismissal may be warranted as to some, but not all, parties is evidenced by the text of Rule 37(b)(2)(C), Ala. R. Civ. P., itself, which allows a trial court to “dismiss[ ] the action or proceeding
 
 or any part thereof”
 
 upon a party’s failure to obey a court order to provide or permit discovery. (Emphasis added.) In the present case, we conclude that the trial court improperly exercised its discretion in dismissing the case as to Harris. We reach that conclusion based on several factors.
 

 First, as we noted in outlining the procedural history of this case, Myers propounded interrogatories to both Harris and Progressive. Progressive answered Myers’s interrogatories before it moved to compel Myers’s compliance with its own discovery requests. In contrast, the record does not indicate that Harris ever responded to Myers’s interrogatories. Indeed, the record indicates that from June 16 (when Myers filed the complaint and propounded interrogatories to Harris and Progressive) until December 18 (when the trial court held a hearing on sanctions against Myers pursuant to Progressive’s motion), Harris did nothing either to satisfy his own discovery obligations to Myers or to see that Myers satisfied discovery obligations to him. One could reasonably conclude that Harris was apparently as unconcerned as Myers with moving forward the progress of the litigation and that Harris received an undeserved windfall when the trial court dismissed Myers’s complaint as to him when he himself had flouted the rules of discovery.
 
 Cf. Johnson v. Citizens Bank, Inc.,
 
 778 So.2d 828, 831 (Ala.Civ.App.2000) (reversing the dismissal of a plaintiffs complaint as a sanction for plaintiffs failure to provide discovery and noting, among other things, that “the defendants themselves delayed dis
 
 *615
 
 covery when they cancelled depositions for a second time, on the day before the rescheduled depositions were to be held”).
 

 Second, as the Maryland court stated in
 
 Hossainkhail,
 
 supra, one of the justifications for a trial court’s making the discretionary decision to dismiss a plaintiffs complaint as to a codefendant who had neither moved to compel discovery responses nor moved for sanctions against the plaintiff is to satisfy “the need for effective relief to the discovering and moving party.” 143 Md.App. at 732, 795 A.2d at 825. Progressive, the discovering and moving party here, received effective and complete relief when the trial court dismissed Myers’s uninsured-motorist claim against it.
 
 Cf. Ex parte Seaman Timber Co.,
 
 850 So.2d 246, 257 (Ala.2002) (granting defendant lumber mill’s petition for the writ of mandamus; holding that the trial court’s dismissal of only plaintiffs’ personal-injury claims against mill owners was an inadequate sanction for plaintiffs’ intentional obstruction of deposition by elderly property owner who subsequently died; stating that plaintiffs’ discovery misconduct prevented mill owners from obtaining evidence relevant to “the entirety of the claims,” most of which related to damages to real property; and concluding that “[t]he discovery sanction imposed must be proportional to, and compensatory of, the discovery abuse committed”).
 
 See also Harrigan v. Mason & Winograd, Inc.,
 
 121 R.I. at 214, 397 A.2d at 517. In
 
 Harrigan,
 
 the Rhode Island court reversed a judgment dismissing all three defendants when only one defendant had moved to dismiss the plaintiffs complaint for failure to comply with discovery orders. The court stated:
 

 “In the instant case, Mason & Wino-grad was the only defendant which moved to dismiss the action. The order of dismissal, if construed to dismiss the action against all three defendants, ... orders
 
 relief which is not necessary to protect the interests of the moving party
 

 (Emphasis added.)
 

 Third, although the dismissal of Myers’s claims against Harris caused Myers to suffer substantial harm, Harris’s own conduct during the course of the litigation did not indicate that he was prejudiced by Myers’s failure to provide discovery. The lawsuit was only six months old when it was dismissed, and, during that time, Progressive was the only party that responded to any other party’s discovery requests. Harris and Myers each served the other with discovery requests, and each failed to respond. We cannot escape the conclusion that the discovery sanction was not “proportional to, and compensatory of, the discovery abuse committed” by Myers with respect to Harris and was, therefore, overly harsh.
 
 Ex parte Seaman Timber Co.,
 
 850 So.2d at 257. As a sanction for an employer’s discovery violation in
 
 Ex parte Sears, Roebuck & Co.,
 
 882 So.2d 326, 328 (Ala.2003), the trial court struck “ ‘[Sears’s] pleadings as they relate to the fraud claims of [the Sears employee].’ ” In deciding whether that sanction was appropriate, the supreme court noted that, in an earlier decision, it had stated that “ ‘[t]he trial court in a discovery-abuse case must impose a sanction proportionate to and compensatory of the particular discovery abuse committed.’ ” 882 So.2d at 328 (quoting
 
 Ex parte Seaman Timber Co.,
 
 850 So.2d at 258). The court decided that to construe the term “pleadings” to encompass not only Sears’s affirmative defenses but also its general denial of the employee’s allegations would be “overly harsh” because that would mean that Sears conceded the truth of the employee’s fraud allegations, “with the only remaining issue related to fraud being the amount of damages.”
 
 Id.
 
 Instead, the court held: “More
 
 *616
 
 likely, the trial court intended its order to strike one or more of Sears’s affirmative defenses, a sanction more appropriate and ‘proportionate to and compensatory of the particular discovery abuse committed.’ ”
 
 Id.
 
 (quoting
 
 Ex parte Seaman Timber Co.,
 
 850 So.2d at 258).
 

 Based on the foregoing authorities, we hold that the trial court exceeded the limits of its discretion in dismissing the case as to Harris. The judgment of the Cull-man Circuit Court is affirmed in part and reversed in part, and the cause is remanded with instructions to set aside the dismissal of Myers’s complaint against Harris and to impose against Myers a more appropriate sanction.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 PITTMAN, J., concurs.
 

 THOMPSON, P.J., and BRYAN and MOORE, JJ., concur in the result, without writings.
 

 [1]
 

 . In his appellate brief, Harris states that, at the December 18, 2008, hearing, he orally joined Progressive’s motion to dismiss. The record, however, is silent with respect to what occurred at the hearing.